City of Moline, a Municipal Corporation, Plaintiff-Appellee, v. Lem Whimpey, Defendant-Appellant.

Gen. No. 65-12-M.

Third District.

June 7, 1965.

Rehearing denied June 30, 1965.

Sam F. Skafidas, of East Moline, and Byron S. Matthews, of Chicago, for appellant.

Hubbard B. Neighbour, of Moline, for appellee.

ALLOY, P. J.

This is an appeal from a finding of the Magistrate's Division of the Rock Island County Circuit Court which was entered substantially in the following form: ". . . and the court having heard all the evidence and the arguments of counsel and being advised in the premises finds the defendant guilty of installing water main without permit as charged in his complaint. Said cause continued until December 10, 1964, for sentencing." Such finding was entered on November 13, 1964. We have examined the record as filed in this Court and find no other order or a judgment or a sentence in this proceeding.

The action originated as a complaint for violation of a Water Department Ordinance of the City of Moline charging in the complaint and warrant that the Defendant violated a section of that ordinance by laying a main in a city street without first having secured a permit from the Superintendent of Water of the City of Moline.

So far as we have been able to determine from an examination of the record, no fine or sentence or judgment of any kind was entered in this cause. As stated in the case of Wilke Metal Products v. David Architectural Metals, Inc., 55 Ill App2d 34, 204 NE2d 35; and in Mid City Wholesale Grocers, Inc. v. Bischoff, 327 Ill App 268, 64 NE2d 234, a finding of the type which was noted in the present case is not a final judgment any more than would be a verdict of a jury, and is, therefore, not appealable. If a party desires to appeal an adverse finding, it is incumbent upon that party to see that a judgment is entered on a finding from which an appeal can be taken. As in-

dicated in Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill 200, 75 NE 473, where no final judgment was entered in the trial court, the appeal should be dismissed even though the point is not raised by the parties in the cause.

The appeal in the present case will, therefore, be dismissed since there was no final appealable order in this cause.

Appeal dismissed.

STOUDER and CORYN, JJ., concur.