**People of the State of Illinois, Plaintiff-Appellee, v. William E. De Groot, Defendant-Appellant.**

**Gen. Nos. M–52,076, M–52,077. (Consolidated.)**

First District, Third Division.

June 27, 1968.

Rehearing denied March 27, 1969.

Jerome Feldman and Dennis L. Posen, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Oliver D. Ferguson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

In a nonjury trial the defendant was found guilty of driving a motor vehicle while under the influence of intoxicating liquor. He was sentenced to ten days in jail, fined $300 and his driver's license was revoked for one year.

On appeal the defendant contends that he was not proven guilty beyond a reasonable doubt, that he was convicted and sentenced on a void complaint and that he was prejudiced by the filing of a second complaint which included the allegation that he had been previously convicted of drunken driving.

At approximately 12:30 a. m. on July 2, 1966, as the defendant was proceeding northwest on Milwaukee Avenue in the city of Chicago, his auto suddenly veered halfway across the center line. A police car was behind him at the time and the officer signaled him to stop and gave him two tickets—one for changing traffic lanes and the other for violating "section 47 U. A. R. T. State of Illinois." (Section 47 of the Uniform Act Regulating Traffic: driving a vehicle while under the influence of intoxicating liquor or narcotic drugs; Ill Rev Stats 1965, c 95½, par 144.) At the trial the officer testified that the defendant's breath smelled of alcohol, that he appeared sleepy, that he staggered and swayed as he walked, that his speech was "mush-mouth" and that his clothes were in a state of disarray. He stated that in his opinion the defendant was under the influence of alcohol. On cross-examination he said that the defendant was not speeding, that he stopped immediately when signaled, that he was polite and appeared tired and relaxed.

The defendant testified that he had an allergy and was required to take antihistamine pills. He related that, at about 4:30 p. m. on the afternoon of July 1, 1966, he had taken two of these pills and had napped from about

4

8:00 to 11:00 p. m. that evening. He then went for a walk and stopped at a tavern where he drank a glass of wine. He returned home, got his car and drove a friend home. He was returning to his own home when he was arrested. He denied being under the influence of intoxicating liquor and attributed his condition to the pills he had consumed.

 It was for the trial court to determine both the credibility of the witnesses and the weight to be given their testimony. A court of review will not disturb the finding of the trial court unless the evidence is so improbable or unsatisfactory as to leave a reasonable doubt of the defendant's guilt. People v. Pendleton, 75 Ill App2d 314, 221 NE2d 112 (1966) ; People v. Cooper, 69 Ill App2d 18, 216 NE2d 168 (1966). The evidence in this case is not of such caliber. The defendant did not contradict the testimony of the police officer but instead assigned another reason for his physical condition: that two antihistamine pills produced the condition described by the officer some eight hours after their consumption. The trial court was under no obligation to believe his unsupported assertion and the evidence was sufficient to prove his guilt beyond a reasonable doubt.

The defendant contends that he was sentenced under a void complaint and that his conviction must be reversed under the authority of People v. Stringfield, 37 Ill App 2d 344, 185 NE2d 381 (1962). The traffic ticket issued to the defendant was the form used by the Chicago Police Department and constituted both a complaint and a summons. It contained personal facts about the defendant, his car and its license numbers, and pertinent information concerning the time and place of the offense, the weather and traffic conditions and the name and star number of the officer who made the arrest. It stated the charge against the defendant and informed him of the court where, and the date and hour when, he had to appear.

5

■■ The officer gave a copy of the ticket to the defendant and retained the original. The copy charged that the defendant, ". . . did then and there violate section 47 U. A. R. T. State of Illinois." Citing the statute alleged to have been violated without naming the offense in a manner that could be clearly understood by the accused was inadequate in law. A complaint must be sufficiently specific to inform the offender of the accusation against him so that he will be able to prepare his defense and avoid being placed in double jeopardy. People v. Griffin, 36 Ill2d 430, 223 NE2d 158 (1967). It would be an uncommon motorist who would realize what was meant by "section 47 U. A. R. T." If, perchance, he did know the provisions of the statute he would still not know whether he was being charged with driving while under the influence of narcotic drugs or intoxicating liquor.

■ However, the ticket retained by the officer was the one upon which the defendant was tried. This ticket-complaint was amended before trial through the addition, by means of a rubber stamp, of the words: "Driving a motor vehicle while under the influence of intoxicating liquor." The complaint, as amended, shows upon its face that it was subscribed and sworn to by the arresting officer before the clerk of the court. The amended complaint was sufficient to advise the defendant of the precise offense with which he was charged. The other portions of the complaint informed him of the date, time, place and circumstances of the offense, and if he needed further information he could have requested a bill of particulars. But the defendant did not ask for further information; he claimed no surprise and did not request a continuance.

In People v. Stringfield, the charge on the traffic ticket was also insufficient. It was altered to supply the deficiency but the record did not indicate when the amendment was added and it could have been after the trial. In the present case, the amendment was made

6

before trial and was known to the defendant. The complaint upon which the defendant was tried was valid.

At the trial the prosecution was permitted to file an additional complaint—one which is customarily referred to in the traffic court as a "long-form" complaint. This complaint repeated the charge that the defendant drove his auto while under the influence of intoxicating liquor on July 2, 1966, and alleged that he had been convicted of a similar offense in August of 1964. The additional complaint was read to the trial judge. The defendant objected to the inclusion of the prior conviction in the complaint on the ground that it was prejudicial. The court overruled the objection.

The State's purpose in alleging the prior conviction was to obtain a more severe punishment for the defendant in the event he was found guilty. The penalty for operating a motor vehicle while under the influence of intoxicating liquor is set forth in subsection (c) of section 47:

> "(c) Every person who is convicted of a violation of this section shall be punished by imprisonment for not less than 2 days nor more than 1 year, or by a fine of not less than $100 nor more than $1,000 or by both such fine and imprisonment. On a second or subsequent conviction for an offense committed within 5 years after the commission of the first offense he shall be punished by imprisonment for not less than 90 days nor more than 1 year, and, in the discretion of the court, a fine of not more than $1,000." Ill Rev Stats 1965, c 95½, par 144.

■■ The court ordered the trial to proceed on both the traffic-ticket complaint and the long-form complaint. At the conclusion of the trial the court found the defendant guilty on the ticket-complaint but made no disposition of the long-form complaint. The defendant appealed both cases and they have been consolidated in this court. Inasmuch as no final judgment was entered on the

7

long-form complaint that case is not appealable (People v. Nordstrom, 73 Ill App2d 168, 219 NE2d 151 (1966)) and will be dismissed. City of Moline v. Whimpey, 60 Ill App2d 219, 208 NE2d 78 (1965). However, since the defendant's prior conviction was made known to the trial judge while he was being tried on the ticket-complaint the contention that such knowledge was prejudicial must be considered.

In People v. Long, 4 Ill2d 598, 123 NE2d 718 (1955) an information charged a defendant with driving a motor vehicle while under the influence of liquor and alleged that he had been previously convicted of a like offense. In approving the information the court noted that the prosecution had followed the procedure authorized under the Habitual Criminal Act and held that it was necessary to allege the prior conviction to subject the defendant to an increased penalty as a repeated offender. The court concluded that, "The prosecution has no alternative under the law as it now exists in this State but to present to the same jury the record of the defendant's previous conviction as well as proof to sustain the recent charge."

At the time Long was decided the Habitual Criminal Act provided for increased penalties for recurring convictions of certain crimes. It further provided that the former conviction had to be set forth in apt words in the indictment. Ill Rev Stats 1953, c 38, par 602. Recognizing the unfairness of this latter provision, the legislature, in 1957, amended the Act to provide that a former conviction should not be alleged in the indictment and evidence of it not introduced at the trial unless it would otherwise be permitted by the issues raised in the trial. Ill Rev Stats 1957, c 38, par 603.3. In 1963 the Habitual Criminal Act was repealed in its entirety. Ill Rev Stats 1963, c 38, § 126–1.

Two cases decided after the repeal of the Habitual Criminal Act reached different conclusions on issues analogous to the one now under consideration. In People v.

8

Kelly, 66 Ill App2d 204, 214 NE2d 290 (1965), one of the questions considered was whether prior convictions of theft had to be alleged in the indictment in order to justify the imposition of a more severe penalty for the commission of a subsequent theft. The Criminal Code of 1961 (Ill Rev Stats 1961, c 38, par 16–1) provides for increased punishment for a person convicted of the theft of property valued at less than $150 if he has been convicted previously of theft. Prior to the enactment of the Criminal Code, the criminal statutes had contained the same provision in reference to petty theft. Ill Rev Stats 1953, c 38, par 393. The statutes provided further that the former conviction had to be alleged in the indictment. The 1961 Criminal Code, however, was silent as to whether the existence of prior convictions had to be included in the indictment. Ill Rev Stats 1961, c 38, § 16–1.

The indictment in Kelly did not refer to the defendant's prior convictions. The court refused to follow those cases which held that such convictions must be pleaded in the indictment for a defendant to be convicted and sentenced as a recidivist offender—not only because of the evolution which had taken place in the statutes pertaining to theft and in the Habitual Criminal Act, but because of the intrinsic unfairness of the former procedure.

The second case involved the offense of carrying a concealed weapon. The first count of the indictment charged the defendant with carrying a weapon concealed on his person; the second count repeated this accusation and, in addition, charged that he previously had been convicted of burglary. The State entered a nolle prosequi as to the first count and a jury found him guilty on the second. The defendant argued on appeal that his prior conviction for burglary was not an element of the offense of carrying a concealed weapon but related only to the severity of the sentence which could be imposed. Carry-

ing a concealed weapon is a misdemeanor (Ill Rev Stats 1967, c 38, par 24–1(a)(4)), but it becomes a felony if the offense is committed within five years of a felony conviction or within five years after a defendant has been released from a penitentiary. Chapter 38, paragraph 24–1 (b). The reviewing court stated: "Under such circumstances, it was not only proper to allow the allegation and proof of a prior felony conviction, but it was necessary in order to prove defendant's commission of the felony of carrying a concealed weapon." People v. Ostrand, 35 Ill 2d 520, 221 NE2d 499 (1966).

The present case differs from Ostrand in that the increased penalty involves no transition from a misdemeanor to a felony and an indictment is not required to obtain the increased penalty. See Ill Rev Stats 1965, c 38, par 111–2(a). The offense of driving while intoxicated remains a misdemeanor whether it is the first conviction, a second conviction, or a subsequent conviction committed within five years of the first offense.

 It cannot be seriously disputed that a defendant in a criminal prosecution is prejudiced when the trier of fact—be it judge or jury—is made aware of his former conviction before arriving at a determination of his guilt or innocence in the case on trial. The legislature's repeal of the Habitual Criminal Act and its deletion from other statutes of the requirement of pleading and proving prior convictions is evidence of a public policy determination that such practice is not to be continued in any area of the law where it can be avoided. It can be avoided in drunken driving cases. After a defendant has been found guilty of this offense, the question of whether he was convicted of the same charge within the past five years can be submitted to the court or jury as a separate issue. If there is no dispute about his prior conviction this fact can be submitted to the court in the aggravation and mitigation hearing following the trial. The court can consider the prior conviction

in imposing sentence on the defendant. Ill Rev Stats 1967, c 38, § 1–7(g).

██ ██ Inadmissible evidence which might be regarded as prejudicial in a jury trial is not so regarded in a nonjury case where the court is presumed to consider only admissible evidence in reaching its decision. People v. Robinson, 30 Ill2d 437, 197 NE2d 45 (1964); People v. Armstrong, 80 Ill App2d 77, 224 NE2d 675 (1967). But the rule is otherwise if it affirmatively appears from the record that the evidence was considered by the court. People v. Smith, 55 Ill App2d 480, 204 NE2d 577 (1965). Where an objection has been made to the evidence and overruled, it cannot be presumed that the evidence did not enter into the court's consideration. The ruling itself indicates that the court thought the evidence proper. People v. Reed, 287 Ill 606, 122 NE 806 (1919). So in this case, by overruling the defendant's objection the court indicated that it considered the information about the prior conviction competent and relevant.

The defendant's objection should have been sustained. It was error for the State to have presented the long-form complaint to the court before there was a finding of guilty on the ticket-complaint. The defendant's prior conviction for a like offense was known to the court as he was being tried on the ticket-complaint. This was prejudicial to the defendant in the trial of that complaint and constituted reversible error.

The judgment of conviction is reversed and the cause is remanded for a new trial. The appeal based on the long-form complaint is dismissed.

Reversed and remanded with directions. Appeal dismissed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.