People of the State of Illinois, Plaintiff-Appellee, v. Charles Count (Impleaded), Defendant-Appellant.

Gen. No. 51,288.

First District, Third Division.

February 20, 1969.

Rehearing denied March 20, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Theodore A. Shapero, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a jury trial the defendant was found guilty of armed robbery and sentenced to serve a term of 30 to 60 years in the State Penitentiary. His sole defense was insanity. On appeal he contends that he was not proved sane beyond a reasonable doubt, that erroneous forms of verdict were given to the jury, that the jury was improperly instructed on the issue of insanity and that the State's Attorney's closing argument was improper and prejudicial. The facts are not in dispute.

On February 15, 1965, at 7:15 p. m., defendant entered a jewelry store at 2721 Milwaukee Avenue in Chicago. He was wearing sunglasses and his hat was pulled down over his face. At gunpoint he ordered the owner and four employees to move to the rear of the store and to give him cash and "the big diamonds." As he was picking up the diamonds, one of the employees struck him and the owner grabbed for his gun. During the struggle the gun was fired four times, one shot going through the shoulder of another employee. A lengthy struggle ensued during which the defendant was hit over the head with a mirror and smashed repeatedly with the gun butt. Finally he ran out of the store through the front door and escaped in a waiting car which was driven by another man. The car was stopped in the vicinity of

the crime by a police officer who later identified defendant. Defendant escaped from that encounter but was arrested the following day in a hotel. At the time of his arrest he denied he was Charles Count. He was taken to a police station where he admitted the crime.

A hearing was held to determine defendant's competency to stand trial. Dr. William H. Haines, director of the Behavior Clinic of the Criminal Court of Cook County, testified that defendant understood the nature of the charge and was able to cooperate with counsel. The case proceeded to trial and the facts as before related were proved by the State.

In support of defendant's plea of insanity his mother testified that as a child his behavior was unusual and that he had been destructive. Defendant testified that he did not remember any of the facts relating to the crime and that his memory had lapsed from the time he entered the jewelry store until the time of his arrest. Dr. Geoffrey L. Levy, a psychiatrist testifying for the defense, said that after a two-hour examination of defendant in the County Jail on January 12, 1966, it was his opinion that defendant suffered from an impulse character disorder, that certain of his impulses were "so compelling and impelling that he acts on the impulse, on the evoked impulse rather than assessing the situation as it really is," and that such impulses are "irresistible and overwhelming." He concluded that at the time of commission of the crime the defendant lacked substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

Dr. Haines testified in rebuttal that from his examination of the defendant after the crime he could not form an opinion as to the defendant's sanity at the time of the crime and that no doctor could form an opinion as to defendant's sanity merely from an examination made after the crime, since anything defendant then said would be self-serving.

261

Defendant contends that the testimony of Dr. Levy that he was subject to irresistible impulses and that the crime was committed while he was under the influence of such an impulse was uncontradicted and unimpeached. From this the defendant argues that the State has not proved his guilt beyond a reasonable doubt.

██ A person is not criminally responsible for his conduct if at the time of such conduct, as a result of mental disease or mental defect, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law. Ill Rev Stats, c 38, § 6–2 (1967). While a man is presumed to be sane, it is now the law of Illinois that once evidence of insanity is introduced, the ordinary presumption of sanity does not prevail and the burden devolves on the State to prove that at the time of committing the act, the accused was legally sane. People v. Le May, 35 Ill2d 208, 220 NE2d 184. Accepting this principle as now laid down, we feel that the evidence in this case amply supports the submission of this issue to the jury and their finding of defendant's sanity at the time of the occurrence.

██ The record does not support defendant's contention that Dr. Levy's testimony as to defendant's insanity was uncontradicted and unimpeached. Dr. Haines testified that no psychiatrist could make an accurate assessment of defendant's impulses at the time of a crime committed eleven months earlier. He was of the opinion that anything defendant told a psychiatrist in an examination made for the purpose of determining his legal sanity would be self-serving and unreliable. This finds support in common sense and in People v. Hester, 39 Ill2d 489, 237 NE2d 466, where the court said (p 510):

"It is our rule that a doctor who examines a patient merely for the purpose of qualifying as a witness ordinarily may not testify as to his medical opinions based upon subjective symptoms described by the

262

patient because of the absence from this relationship of the normal trustworthiness accompanying symptomatic descriptions by a patient to a treating physician."

While in the instant case Dr. Levy's testimony was admitted and no question is raised on that point, nevertheless the credibility and weight of such testimony is for the jury to decide.

In addition to Dr. Haines' testimony, other evidence adduced at the trial contradicted Dr. Levy's conclusion that defendant was acting under an irresistible impulse when he robbed the store. Dr. Levy in describing the effect of the alleged irresistible impulse testified that it lasts very briefly, perhaps only a second or two, and that during such impulse the victim has noticeable facial changes. The evidence here reveals that defendant planned the robbery enough in advance to have a companion in a car waiting for him. Nor did the four witnesses to the robbery testify that the defendant displayed any unusual facial expressions, as described by Dr. Levy. On the contrary, two of the witnesses testified that he was calm and not nervous. The jury could conclude that defendant at the time of the crime was sane beyond a reasonable doubt.

■ Defendant's second contention is that the jury was improperly instructed on the issue of sanity; that five of the instructions were erroneous or confusing and that as a result the defendant was deprived of a fair trial. Three of the five instructions were submitted by defendant. It is well settled that a defendant may not challenge on appeal the propriety of instructions tendered by him. People v. McGregor, 26 Ill2d 239, 186 NE2d 309. The only exceptions to this general rule are claims of incompetency of counsel or claims of violation of due process. People v. McCoy, 80 Ill App2d 257, 225 NE2d 123; People v. Bender, 20 Ill2d 45, 169 NE2d 328. Neither of these exceptions are found in the instant case.

263

■ ■ Defendant contends moreover that two of the State's instructions were meaningless and confusing. One reads as follows:

"The court instructs the jury that the insanity of the defendant either before or after the commission of a crime cannot excuse the crime. Only insanity existing at the very time of the crime can excuse the same."

The instruction correctly states the law and is relevant to the present case since defendant contends he was under the influence of one of his alleged irresistible impulses for a considerable period after the robbery.

The second instruction complained of stated that a person is not criminally responsible for his conduct if at the time of such conduct, as a result of mental disease or mental defect, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law. Defendant contends it was error for the court not to instruct the jury that the above referred to insanity. From the context of the other instructions given by the court it is clear that the instruction related to the issue of sanity. The instructions were not confusing and there was no prejudice to the defendant.

Defendant's third contention is that the verdict forms submitted to the jury were confusing. The Illinois Criminal Code provides that when the affirmative defense of insanity is presented during trial, the court shall provide the jury not only with general verdict forms, but also with a special verdict form of not guilty by reason of insanity. In the event the jury reaches that verdict it shall state whether or not the defendant has recovered from his former condition of insanity. Ill Rev Stats, c 38, § 115-4(J) (1967). In the instant case the court submitted to the jury four special forms of verdict. The first of these alternative special verdict forms was for

use in the event the jury found defendant was not guilty by reason of insanity and also that he had not recovered from such insanity. A second form was for use in the event defendant was found not guilty by reason of insanity but was found to have recovered from such insanity. A third form was for use if defendant was found guilty and that he was sane at the time of the crime and presently sane. The fourth form was for use if the jury found defendant guilty and also found that defendant was sane at the time of the crime but had become and was presently insane.

 Defendant contends that those portions of the third and fourth verdict forms which provided for finding as to his sanity at the time of the trial were unnecessary and confusing to the jury. We agree that such a finding was unnecessary if the jury found defendant guilty, as it did. The Criminal Code requires that the jury make a determination of whether the defendant recovered from his former condition of insanity only if it finds him not guilty because of insanity. Ill Rev Stats, c 38, § 115–4(J) (1967). Even though such a finding was unnecessary in the instant case, its inclusion in the verdict forms could not prejudice the defendant.

 Defendant's fourth contention is that he was prejudiced by several remarks made by the State's Attorney during closing argument. The prosecutor stated that defendant would receive help for a mental disorder in the penitentiary and that he could be retried if found insane and subsequently recovered. In view of the fact that these remarks were stricken and the jury admonished to disregard them, no prejudice resulted to defendant.

 The prosecutor also stated, "I say Charles Count is a professional stickup man and a habitual criminal. He is a bad guy. The irresistible impulse is bull." That was a brash and unprofessional comment. However, since there was evidence of defendant's past crime in-

265

troduced by the defense in the course of the trial, this was a proper inference to be drawn from the evidence. People v. Kemp, 29 Ill2d 321, 194 NE2d 217; People v. Allen, 73 Ill App2d 256, 219 NE2d 653. Moreover, no objection was made to that statement at the time of trial and defendant is deemed to have waived any error which resulted. People v. McElroy, 30 Ill2d 286, 196 NE2d 651; People v. Winters, 29 Ill2d 74, 193 NE2d 809. Finally the prosecutor stated, "But you know, ladies and gentlemen, all they have to do is try and confuse one of you or mislead one of you. That's all they have to do." Such personal attacks on counsel are unprofessional, but they do not warrant a reversal. People v. Burnett, 27 Ill2d 510, 190 NE2d 338; People v. McElroy, 30 Ill2d 286, 196 NE2d 651.

We find no reversible error in the record and the judgment is accordingly affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.