THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT LEE LASSITER, Defendant-Appellant.

(No. 52649;

First District—June 15, 1971.

Allan A. Ackerman and Thomas P. Durkin, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and George Pappas, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

In thirteen separate indictments, defendant was charged with arson and murder. He waived trial by jury, was found guilty and sentenced to serve thirteen concurrent sentences of 100 to 150 years.

Defendant admits that in the evening of December 11, 1965, he purchased two gallons of gasoline, poured some on the front entrance and doorway of a tavern in Chicago, lit a match and caused a fire that killed the persons named as murder victims in the indictments. In the trial, his defense was insanity. In this appeal, he urges three grounds for reversal.

First, defendant contends that he was not proven guilty of arson because ownership of the burned property was not established.

■■ Our review of the record discloses that defendant was found guilty and sentenced for multiple murders, not arson. Therefore, this contention is unfounded. *People v. De Groot*, 108 Ill.App.2d 1, 247 N.E.2d 177; *City of Moline v. Whimpey*, 60 Ill.App.2d 219, 208 N.E.2d 78.

■■ Second, defendant contends that the trial judge erred in permitting a lay witness to give an opinion concerning defendant's sanity at the time of the offenses when the witness could only describe his observations of defendant after the tavern fire.

In support of this contention, defendant points to the rebuttal testimony of an assistant State's Attorney who questioned him between 2:00 A.M. and 5:30 A.M. on December 12, 1965, approximately three and one-half hours after the fire was started. This witness described his observations of defendant and then gave his opinion that defendant was sane when he set the fire that killed thirteen people. Defendant strenuously argues that allowing this lawman to testify was error because he gave an opinion of defendant's sanity at a period of time when defendant was unknown to the witness.

■■ Whether a layman, a non-expert, should testify to the sanity of an accused is a question the trial judge must decide. (*People v. Wax*, 75 Ill. App.2d 163, 220 N.E.2d 600.) In criminal prosecutions when the defense

is insanity, a non-expert who has observed the defendant may describe his observations and then give an opinion concerning the defendant's mental condition. (*People v. Williams* (1931), 38 Ill.2d 115, 230 N.E.2d 224 and see Annot., 72 A.L.R. 579.) In this case, the assistant State's Attorney described what he observed and then gave his opinion that approximately three and one-half hours earlier defendant was sane. We find no error in the ruling that allowed this layman to testify. See *People v. Pruszewski*, 414 Ill. 409, 111 N.E.2d 313; *Jamison v. People*, 145 Ill. 357, 34 N.E. 486.

Third, defendant contends that he was not proven guilty because the state failed to prove he was sane when he committed the crimes charged.

This contention rests on evidence that in the evening of December 11, 1965, defendant was in a fight with two men in the tavern that was set ablaze. He was struck on the head, fell or was thrown over some tables and left the premises bleeding. A radiologist testified that X-rays taken of defendant's head revealed suture lines consistent with head injury. An expert psychiatrist described the physical, neurological and psychological examinations he gave defendant. In the course of these, defendant told the psychiatrist that after the fight, a clear fluid dripped out of his right ear; that there was a numbness in his lower left leg; and that he had a feeling of nausea. The psychiatrist observed that defendant had a twitching of the muscle about his right eye. These symptoms, all consistent and compatible with a head injury, led the psychiatrist to conclude that on the evening of December 11, 1965, after the fight in the tavern, defendant suffered an acute brain syndrome due to trauma with psychotic reaction. In answer to a hypothetical question, the psychiatrist gave his opinion that when defendant set fire to the tavern, he was insane.

Under cross-examination, the psychiatrist said that much of his diagnosis was based on what defendant told him; that if defendant erred when he voiced his complaints, the diagnosis would differ; and that it was possible for a patient to fool or lie to a psychiatrist in the course of an examination.

In rebuttal, the State called a psychiatrist who testified that he gave defendant a complete neurological examination on August 15, 1966. Although he admitted that brain damage on December 11, 1965, could have disappeared by the time of the examination, the State psychiatrist said that he did not find any evidence of brain injury. In addition to this testimony, the State called the assistant State's Attorney who described defendant's condition three and one-half hours after the tavern fire.

■■ As defendant correctly argues, once he introduced some evidence raising the issue of his sanity at the time of the offense, the State had

the burden of proving beyond a reasonable doubt that he was sane when he committed the crimes charged. (Ill. Rev. Stat. 1965, ch. 38, pars. 3—2, 6—2, 6—4; *People v. Gold*, 38 Ill.2d 510, 232 N.E.2d 702; *People v. Count*, 106 Ill.App.2d 258, 246 N.E.2d 91.) There is a presumption that every man is sane. However, the only function of this presumption is to require production of evidence which tends to prove insanity. When this is done, the presumption disappears. Then, the question of defendant's sanity or insanity is to be determined from the whole evidence. (*People v. Haun*, 71 Ill.App.2d 262, 269-271, 217 N.E.2d 470; *People v. Saylor*, 319 Ill. 205, 211, 149 N.E. 767.) This question is for the trier of the facts. *People v. Muniz*, 31 Ill.2d 130, 198 N.E.2d 855.

In this case, defendant's psychiatrist, from what he was told and from his observations, gave an opinion which raised a reasonable doubt of defendant's sanity. A layman and a psychiatrist, testifying for the State in rebuttal, contradicted this opinion. Thus, there was a conflict of opinion and of evidence concerning defendant's sanity. Under these circumstances, we will not disturb the resolution the trial judge made of this conflict unless it indicates passion or prejudice. In our judgment, there is sufficient evidence in the record to support the trial judge's finding that on December 11, 1965, when he set fire to the tavern, defendant was responsible for his conduct. (Ill. Rev. Stat. 1965, ch. 38, par. 6—2 (a); *People v. Ford*, 39 Ill.2d 318, 235 N.E.2d 576 and compare *People v. Myers*, 35 Ill.2d 311, 220 N.E.2d 297.) The judgments are affirmed.

Judgments affirmed.

.McCORMICK and ENGLISH, JJ., concur.