THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARTER JONES, Defendant-Appellant.

(No. 55696; ▮▮▮▮▮▮▮▮▮

First District—March 3, 1972.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Thomas Grippando, of Chicago, and Fred R. Kimmell, of Glenview, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

At the conclusion of a bench trial, defendant was found guilty of theft by deception and sentenced to the House of Correction for one year. The essence of his contentions on appeal is that the proceedings in the trial court deprived him of his right to a fair trial.

■■ On March 13, 1970, John Boyle, an agent for Baskin Clothes, filed a complaint which charged defendant with the theft by deception of clothing valued at $483.11. On that same day, during a preliminary hearing, the prosecutor informed the court that the State was planning restitution and that defendant admitted everything. The prosecutor

went on to state that the defendant charged clothing valued at $483.11 through the use of the name of one of Baskin's customers. Further comments by the prosecutor implied that defendant had agreed to make restitution and, based upon that agreement, the State recommended one year of probation if defendant would plead guilty. The public defender, in an attempt to protect defendant's college scholarship, suggested court supervision with the requirement that defendant make restitution within two weeks. This colloquy followed:

THE COURT: "All right. Where do you go to school, sir?
DEFENDANT: Northwestern University.
THE COURT: Do you work?
DEFENDANT: I work for the Board of Education.
THE COURT: What do you hope to do in school?
DEFENDANT: I want to be a teacher.
THE COURT: All right.
One year supervision with restitution.
How old are you?
DEFENDANT: 19.
MR. BANKS: [Assistant State's Attorney]: That is next week you have to bring it in.
MR. SILBAR: [Assistant Public Defender]: Give him two weeks.
MR. BANKS: No
(Discussion off the record.)
THE COURT: Not guilty, jury waived.
One year supervision with—one year supervision to Social Service with restitution of $480.11 [*sic*]"

This statement of the court cannot be construed as a finding of not guilty, as defendant now contends, since the orders following it demonstrate that the court intended to say "plea of not guilty, jury waived, one year supervision." [The record does not disclose any formal waiver of jury by defendant.] While the common-law record of proceedings for March 13, 1970, does not contain a finding of guilt, it states, "that defendant be placed on probation for the period of ONE (1) YEAR, and make restitution of FOUR HUNDRED EIGHTY THREE DOLLARS ($483.00)." That same common-law record indicates that the case was then postponed to March 5, 1971.

On May 5, 1970, a warrant was issued for defendant's arrest and on August 26, 1970, defendant, without counsel, appeared before the court for further proceedings. The report of proceedings for August 26, 1970, reflected that defendant informed the court that he made restitution by paying the owner of the Baskin charge account. The complainant spoke out to inform the court that defendant signed an installment note

upon which he made no payments. At the court's request, defendant explained that he had used his ex-roommate's credit card to make purchases for himself and the ex-roommate.

Ralph Jammerus was then sworn and testified that he was credit manager at Baskin and that defendant signed an installment note for $336.30.

The court then said, "on March 1st, I put him on one year supervision for restitution—one year Vandanlia [sic]. This case was alread [sic] tried, sir."

The common-law record of the proceedings of August 26, however, indicates defendant was arraigned, pleaded not guilty, waived a jury trial, submitted to trial by the court, was found guilty and sentenced to the House of Correction for one year.

*Opinion*

Attention is first directed to the nature and effect of the proceedings of March 13, 1970. An examination of the report of proceedings for that day reveals that no proper arraignment was conducted, no proper jury waiver was made, no witnesses were sworn, no evidence was taken and no plea of guilty was entered. Moreover, the record, when considered in its entirety, clearly indicates that the court intended to place defendant under supervision for one year notwithstanding the fact that the common-law record indicates that defendant was placed on probation. Were it not for what will be said subsequently we would hold that the hearing of March 13 resulted in supervision for defendant in spite of the fact that the common-law record states otherwise. (See generally, *People v. Williams* (1963), 27 Ill.2d 327, 329 and *People v. Gregory* (1966), 77 Ill. App.2d 188, 192.) This conclusion is reinforced by the continuance of the case until March 5, 1971, and the fact that there was no finding of guilty as required by Ill. Rev. Stat. 1967, ch. 38, par. 117—1(a) prior to the imposition of the purported "probation." Thus, the hearing of March 13 seemingly resulted in defendant's being placed under supervision for one year with the requirement that he make restitution.

The nature of proceedings which result in an offender's placement under supervision was described in *People v. Parr* (1970), 130 Ill.App.2d 212, 264 N.E.2d 850 where at 264 N.E.2d 853 and 854 the court stated:

"[S]upervision as practiced in cases dealing with minors has been used as a mechanism after a trial where the proffered evidence shows that a defendant is guilty of the offense charged. The entry of the finding of guilty by the trial court is then delayed with defendant's consent and he is placed on supervision for a specific period of time.

When a trial court places a minor on supervision it is with the hope of rehabilitating him. If at the termination of the supervision period there is reason to believe that the defendant has been rehabilitated,

the finding of guilty is not entered and the defendant is discharged, for the purpose of supervision is to save the minor a criminal record. However, if the court is advised at any time during the period of supervision of activities which demonstrate a defendant's misbehavior or lack of cooperation with an appointed supervisory agency, the court may then enter its finding of guilty on the date for which supervision was to terminate or at any time prior thereto.

As heretofore stated, the principle of supervision is predicated on a trial or on a stipulation of facts between the parties which show a defendant to be guilty of the offense charged.

\* \* \*

The court would have had no right to place defendant on supervision unless the evidence heard \* \* \* showed that the defendant was guilty of the offenses as charged."

The opinion stated that if the court placed an offender under supervision without first hearing evidence which demonstrated that offender's guilt, the "court would be assuming the right to punish, or at least give corrective treatment to someone who had not been proven guilty of any offense."

■■ An analysis of the proceedings of March 13 reveals a total absence of the procedure outlined in *People v. Parr* in that there was no evidence taken prior to the placing of defendant under supervision. The State contends otherwise, however, and bases this contention on a purported stipulation wherein the prosecutor, in response to the court's inquiry "Now, what do you plan to do?", said "[Defendant] admits everything." The prosecutor then, after characterizing what he was about to say as "background", went on to state the basis for the complaint. The prosecutor's comments preceded an in-court offer of probation if defendant would plead guilty, but this offer was countered by the public defender's request for supervision. Thus, the setting of the prosecutor's statement indicates that it was not intended to be a stipulation; rather it was intended to merely be a preliminary statement of the facts which the State would have attempted to prove at trial. It is clear therefore that because the statement was not the result of a true agreement between the parties, *Kazubowski v. Kazubowski* (1968), 93 Ill.App.2d 126, 134 *cert.* denied, 393 U.S. 1117 (1969), it cannot be construed as a stipulation.

Thus, there was no satisfaction of the requirement of *People v. Parr*, *supra*, that prior to the defendant's being placed under supervision, there be evidence of record upon which a finding of guilty could have been based.

■■ Without the necessary trial or stipulation of facts prior to the

placing of defendant under supervision, the court's finding of guilty and sentencing of defendant on August 26 were improper.

Defendant also contends that his constitutional and statutory* right to a speedy trial had been violated. It is unnecessary for us to consider the merits of this claim as we deem it waived by defendant's failure to present it to the trial court. *People v. Taylor* (1965), 32 Ill.2d 165, 168.

The judgment is reversed and the cause remanded for a trial.

Reversed and remanded.

DRUCKER and ENGLISH, JJ., concur.

---

\* Ill. Rev. Stat. 1969, ch. 38, par. 103—5.