THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLIE BREEN, Defendant-Appellant.

(No. 60395; ▮▮▮▮▮▮▮)

First District (3rd Division)—February 6, 1975.

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and William J. Haddad, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Billie (William) Breen, defendant, was charged by criminal complaint with the offense of theft of United States currency in the amount of $145, in violation of section 16—1(a)(1) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1)). After a bench trial he was found guilty as charged and sentenced to a term of 90 days in the House of Correction. The trial court vacated its finding of guilty and placed defendant on "social service supervision, with restitution of one hundred eighty dollars, until February 7, 1975." This court allowed defendant's late notice of appeal to be filed instanter.

Defendant contends that the trial court erred in denying his motion for a directed finding; that he was not accorded a fair trial; and that he was not proved guilty beyond a reasonable doubt. The State answers the contentions and advances the additional argument that the instant appeal should be dismissed since final judgment has not yet been entered, the trial court having continued the matter until February 7, 1975, upon

supervision, with a condition of restitution. We agree with the State and dismiss the appeal.

■■ This court dealt with the concept of and the philosophy behind a grant of supervision (to minors) in the case of *People v. Parr* (1970), 130 Ill.App.2d 212, 264 N.E.2d 850. Upon the entry of an order of supervision the trial court enters no finding as to guilt, although the court has heard sufficient evidence upon which to base such a finding and upon which is predicated the authority to order the supervision. See also *People v. Jones* (1972), 4 Ill.App.3d 297, 280 N.E.2d 731.

The record before this court discloses that on January 9, 1974, after a finding of guilty had been entered, the State offered nothing in aggravation and asked "one year probation and restitution to the complaining witness." Counsel for defendant then requested supervision. The court rejected the recommendations and imposed a 90-day sentence, after which discussion of restitution followed. Defendant, who allegedly carried the currency out of the house in a garbage bag, stated to the court: "I didn't take the garbage out but, I'll pay the money back." After the complainant responded that the amount was $180, the court asked defendant if he was going to pay it. Defendant answered, "It will have to be a couple of months." Thereupon, the court stated:

> "All right. I'll vacate the finding of guilty and I'll place him on social service supervision, with restitution of one hundred eighty dollars, until February 7, 1975.
>
> Now, you pay the one hundred eighty dollars and you won't have a record. The sooner you pay it, the sooner you get discharged."

■■ Restitution in criminal proceedings may be imposed as a condition in a sentence of probation or of conditional discharge and is specified as a consideration in determining the amount and method of payment of a fine. (Ill. Rev. Stat. 1973, ch. 38, pars. 1005—6—3(b)(10) and 1005—9—1(c)(2).) In each instance, a prior adjudication of guilt is contemplated by the statute. In the instant case the previous finding of guilty has been vacated, although the common-law record purports otherwise, and should be corrected in the trial court. (*People v. Jones* (1972), 4 Ill.App.3d 297, 299.) Therefore, there is no finding upon which a sentence or final order can be imposed. Supervision was granted as requested by defendant with restitution as then agreed, and the case was continued until February 7, 1975. Upon payment of restitution defendant may be discharged on or prior to the continued date, and any prior adjudication as to restitution would be premature. In any event, a judgment requires an adjudication that defendant is guilty or not guilty, and if the adjudication is guilty, it includes the sentence pronounced by the

court. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—1—12.) Where no final judgment has been entered—whether such be due to the lack of a finding or the lack of a sentence—the appeal will be dismissed. (*People v. De Groot* (1968), 108 Ill.App.2d 1, 247 N.E.2d 177.) The instant matter is still pending in the trial court, and the appeal must therefore be dismissed.

For these reasons the appeal taken by defendant from the order of the trial court entered on January 9, 1974, granting supervision with restitution and continuing the matter to February 7, 1975, is dismissed.

Appeal dismissed.

McGLOON, P. J., and DEMPSEY, J., concur.