THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLIE BREEN, Defendant-Appellant.

First District (3rd Division)   No. 76-1209

Opinion filed July 13, 1977.

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Myra J. Brown, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The defendant, Billie Breen, was charged with the theft of money from Karen Duncan. On January 9, 1974, after a trial without a jury, he was found guilty of that crime and was sentenced to 90 days in jail. On the same date, the court, at defendant's request, vacated the finding and placed defendant on social service supervision. The court also ordered defendant to pay Karen Duncan $180 in restitution. On May 29, 1974, this court permitted defendant to file a late notice of appeal. On February 6, 1975, this court dismissed the appeal, holding that supervision was not a final and appealable order. (*People v. Breen* (1975), 26 Ill. App. 3d 547, 325 N.E.2d 738.) The supreme court allowed defendant's petition for leave to appeal and, on January 26, 1976, held that the trial court was without authority to place a defendant on supervision. (*People v. Breen* (1976), 62 Ill. 2d 323, 342 N.E.2d 31.) The court remanded the cause to the trial court for further proceedings consistent with its opinion. (Since then, the general assembly has adopted a statute which permits a trial court, under certain conditions, to impose supervision. Ill. Rev. Stat. 1976, Supp., ch. 38, par. 1005—6—1(c).)

On March 4, 1976, the trial court received the mandate of the supreme court. On March 29, 1976, defendant filed a motion to dismiss the complaint on the ground that the trial court was without jurisdiction to reimpose the guilty findings or to sentence defendant because of its invalid order of supervision. On April 15, 1976, the trial court denied defendant's motion to dismiss the complaint. On May 12, 1976, the trial court reinstated the finding of guilt for theft.. The court sentenced defendant to one year conditional discharge, ordering that restitution of $180 be made within six months.

Defendant initially contends that since the trial court originally was without authority to place him on supervision, it had imposed no sentence at all, and that sentencing thus was suspended for 28 months, thereby leaving the trial court without jurisdiction to impose the conditional discharge sentence. We do not agree.

■■ Defendant's contention that defendant's sentence was suspended for 28 months thus depriving the trial court of the right to sentence overlooks the fact that the trial court was without jurisdiction of the matter from the time the notice of appeal was filed in 1974 until it received the mandate from the supreme court in 1976. (See *People v. Circella* (1972), 6 Ill. App. 3d 214, 285 N.E.2d 254.) Since the ordinary appeal process cannot be considered delay (*People ex rel. Millet v. Woods* (1973), 55 Ill. 2d 1, 302 N.E.2d 32), the passage of time per se did not deprive the trial court of the right to impose sentence.

Our supreme court has stated repeatedly that where a conviction is valid, but the sentence is invalid, the order remanding the cause in no way affects the validity of the judgment against the defendant and the order on remandment is to enter a sentence proper under the law. (*People v. Starks* (1947), 395 Ill. 567, 71 N.E.2d 23; *People v. Williams* (1950), 404 Ill. 624, 89 N.E.2d 822; *People v. Speck* (1972), 52 Ill. 2d 284, 287 N.E.2d 699.) In the present case, we hold that the trial court had jurisdiction to sentence the defendant after the remand from the supreme court.

■■ In its opinion in this cause, the supreme court indicated that the net effect of court supervision was to continue the case for 6 months or a year during which further misconduct by the defendant "could result theoretically in the imposition of sentence on the original charge." The court went on to say: "That subsequent action by the court is a rarity is undisputed, and any attempt to impose sentence under such circumstances would be open to serious question." (62 Ill. 2d 323, 328.) Defendant claims that the supreme court in those statements recognized the lack of jurisdiction in the trial court to impose sentence. We believe that the court was discussing the use of supervision generally, and was not referring to the unexecuted supervision disposition in the present case. The court remanded the cause for further proceedings, such remandment revealing their belief that the trial court had jurisdiction to impose a proper sentence.

Defendant also contends that the State failed to prove him guilty of theft beyond a reasonable doubt.

Karen Duncan testified that on October 26, 1973, the defendant and Dennis Erwin came to her home located in Chicago. Prior to their arrival, a pickle jar containing $180 in change was on the dresser in her bedroom. After a few hours, the two men departed and did not return. Defendant left carrying a garbage bag with both hands "like it was real heavy."

When Erwin departed, Ms. Duncan observed that there were no "bunches" under his topcoat. (During proceedings in the trial court, defense counsel agreed that the word should have been transcribed as "bulges." Shortly after the men departed, a girl visited the home. The girl stayed a short time and was never out of Ms. Duncan's sight. Defendant was out of her sight several times during his visit. Ms. Duncan discovered that the jar of money was missing approximately two hours after defendant departed. She had also sought a warrant for Erwin's arrest.

The defendant testified that he was in Ms. Duncan's home on the evening in question, but did not see or take a pickle jar filled with money. It was Erwin, not he, who carried the garbage bag at the time they departed. Defendant also testified that he did not see Erwin take the jar, but he was not with Erwin all the time in the apartment. Erwin rejoined defendant after depositing the bag in the garbage can, but did not have a jar of money with him.

■■ Where proof of a crime is entirely circumstantial, if there is any reasonable hypothesis arising from the evidence consistent with the innocence of defendant, it must be adopted. (*People v. Wilson* (1948), 400 Ill. 461, 81 N.E.2d 211.) We believe that the State met its burden of proving defendant guilty beyond a reasonable doubt. The facts need not be repeated. The crucial facts for the trial judge to determine were that Ms. Duncan observed the defendant leave her apartment carrying a garbage bag with both arms in a manner to show that it was very heavy. At the same time she observed that Erwin at the time of departure was wearing regular clothes and had no bulges under his coat. The State by that testimony negated the existence of evidence consistent with the innocence of defendant. The trier of fact was entitled to determine that the removal of a jar containing $180 in change in the presence of the owner would be exceedingly difficult and that the person carrying the jar would be unable to conceal the fact that he was carrying something. The trial court also had the opportunity to hear defendant's testimony and to determine his credibility.

For the reasons stated, the judgment of the circuit court of Cook County sentencing defendant to one year conditional discharge is affirmed.

Judgment affirmed.

SIMON, P. J., and JIGANTI, J., concur.