(No. 36187.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS WOODS, Plaintiff in Error.

*Opinion filed February 1, 1963.*

RAY F. DREXLER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Thomas Woods and Easton Clavin Hall were indicted in the criminal court of Cook County for the crime of burglary. A jury found them both guilty and the court sentenced each one to a term of 6 to 12 years in the penitentiary. Defendant Woods has prosecuted this writ of error.

The record shows that about 5:30 in the morning of April 30, 1960, police officers Charles Lewis and John Hill were walking away from the call box at Oakwood Boulevard and Ellis Avenue when they saw three men emerging from an alley next to a building at 829 East Oakwood. Two of them were carrying something which appeared from a distance to be a typewriter and the third was walking behind them. When the police approached, Woods put his end of the machine down and ran, Hall put his end down and stood there, and the third man also ran. Officer Lewis chased Woods and found him in the vestibule of the building at 829 Oakwood. Officer Hill stayed with Hall and the third man got away. Woods and Hall were carrying an adding machine which it was later learned had been taken in a burglary of the office of the Oakwood Ellis

Building Corporation. Woods and Hall told the officers that they were eating at a restaurant when a stranger named Jimmie Jackson approached them and said he would give them $5 to help him move a radio, television and some other items to his car. They agreed to help Jackson move his things and were carrying the last object, the adding machine, to the car when the police arrived.

Woods did not testify. Hall testified and told substantially the same story that had been told to the police. He denied any knowledge of the burglary and stated that he and Woods were merely helping move some items they thought belonged to Jackson. He stated that they told the officers to hurry around the corner and they could find Jackson and his car but the police refused.

Defendant Woods first argues that he was denied the right to counsel of his choice. The record shows that Woods was financially unable to employ counsel and asked the court to appoint Lawrence E. Smith to represent him. The court said that Smith does not work for nothing and thereupon appointed the public defender. In *People* v. *Cox,* 22 Ill.2d 534, we held that an indigent defendant does not have the right to choose his court-appointed counsel. The defendant has the right to be represented by competent counsel and the record shows that this right was properly protected and exercised.

It is also argued that the trial court erred in instructing the jury to find, as a matter of law, that Woods was sane. The only witness to testify at the preliminary sanity hearing was Doctor Haines. He stated that he had a medical history regarding Woods which showed that he was in a mental institution in 1942 and had run away from the institution. He testified, nevertheless, that he had examined Woods and was of the opinion that he understood the nature of the charge against him and could co-operate with his counsel in defense of that charge.

Commitment to a mental institution indicates that a

person needs mental treatment, but it does not necessarily indicate that he lacks the mental capacity to stand trial. (*Withers* v. *People,* 23 Ill.2d 131.) We have held, therefore, that commitment to a mental institution some years prior to trial may not of itself raise a *bona fide* doubt to overcome the presumption of sanity even though there has never been a restoration order. (*People* v. *Richeson,* 24 Ill.2d 182.) Dr. Haines, who was familiar with Woods's medical history was of the opinion that he was mentally competent to stand trial. The court properly directed the jury to return a verdict finding defendant competent.

It is then argued that the court erred in denying defendants' motion to supress the use of the adding machine as evidence on the ground that there was an illegal search and seizure. The record shows that Hall and Woods were carrying the adding machine when the police approached them. They put the machine down and told the police that it belonged to Jimmie Jackson.

There was no search since the adding machine was not concealed from the view of the police. (*People* v. *Stewart,* 23 Ill.2d 161; *People* v. *Cattaneo,* 6 Ill.2d 122.) Nor, can defendant Woods complain of the seizure of the adding machine since it was left on the ground and he claimed no interest in it. (*People* v. *Exum,* 382 Ill. 204.) The motion to supress was properly denied.

Woods further contends that the trial court erred in admitting a stipulation as to corporate existence after the close of the People's case. The record shows that the prosecution had just finished its case in chief, when counsel asked the court to be heard for a minute on one other point. The prosecution and defense then stipulated to the corporate existence of the Oakwood Ellis Building Corporation. The defense then presented its case. Defendant Woods cannot now complain of the admission of the stipulation into evidence.

In his closing argument the assistant State's Attorney

stated, "Mr. Flaherty [defense counsel] discussed to some extent the fact here, or he made this statement, he said the police are not entitled to any more credence than these men [Hall and Woods]. He made a mistake because you didn't hear from these men; you heard from one man. You heard from Hall." It is asserted that this amounted to a comment on Woods's failure to testify and deprived him of a fair trial. We believe that this reply to the comment of defense counsel was not an unwarranted reference to Woods's failure to testify. See *People* v. *Weisberg*, 396 Ill. 412.

Complaint is also made of this comment: "And it is important because if he ran and he was hiding and cowering, those are the acts of a burglar, not an innocent man." Officer Lewis testified that Woods ran to the vestibule of a building where he found him crouched in a semi-prone position with his hands over his head. The term "cowering" was a legitimate inference and conclusion drawn from the evidence. Furthermore, the unexplained running and hiding of an accused raises an inference of guilt. Statements based on the evidence or on legitimate inferences deducible therefrom do not transcend the bounds of legitimate argument. *People* v. *Hayes*, 23 Ill.2d 527; *People* v. *Halteman*, 10 Ill.2d 74.

It is finally argued that defendant Woods was not proved guilty beyond a reasonable doubt. Evidence of the recent, exclusive and unexplained possession of the proceeds of a burglary may be sufficient to sustain a conviction of burglary unless there are other facts and circumstances which create a reasonable doubt of guilt. (*People* v. *Franceschini*, 20 Ill.2d 126.) The jury did not believe the story that Woods and Hall were helping a stranger move an adding machine from an apartment building at 5:30 o'clock in the morning. This was within the jury's province and we see no reason for disturbing their finding of guilty.

We are of the opinion that defendant Woods was proved

guilty beyond a reasonable doubt and that he had a fair trial. The judgment of the criminal court of Cook County is accordingly affirmed.

*Judgment affirmed.*