**The People of the State of Illinois, Plaintiff-Appellee, v. James A. Hyde, Defendant-Appellant.**

Gen. No. 67–105.

Fifth District.

July 31, 1968.

43

Allen D. Churchill, of East St. Louis, for appellant.

John M. Karns, Jr., State's Attorney of St. Clair County, of Belleville (Charles H. Stegmeyer, Assistant State's Attorney, of counsel), for appellee.

EBERSPACHER, P. J.

The defendant, James A. Hyde, was jointly indicted with Laverne Lumpkins by the Grand Jury of St. Clair County for the offenses of Theft of Property in Excess of $150 in value and Robbery. The first count of the indictment alleged theft of an automobile and the second count alleged robbery of a billfold, cash, a watch and an automobile.

The defendants were tried before a jury. The second count of the indictment charging robbery had been dismissed at the close of the evidence and the jury returned a verdict of guilty as to both defendants on the theft count and the court entered a judgment on the verdict. The defendant, James A. Hyde, has appealed from that judgment.

From the evidence it appears that the complaining witness, Donald Trowbridge, exited a tavern in East St. Louis, Illinois, at approximately 1:00 a. m. on September, 11, 1966. As he left the tavern and approached his automobile, a 1966 green Dodge Charger, he observed two negro men approaching him, one of whom was about his size and the other "quite a bit bigger." While looking for his keys that he had dropped to the ground, Trowbridge last observed the two men at approximately 20 feet. This was the last thing Trowbridge remembers. He was struck on the head and knocked unconscious. Upon regaining consciousness, Trowbridge notified the East St. Louis police about the incident. However, due to the insufficiency of the light and the distance of the observation, Trowbridge was unable to more particularly describe or identify the assailants.

Another witness, a service station attendant at Cahokia, Illinois, testified that at about 3:30 a. m. on the same morning three negro men, one tall and two short, entered his service station in a green 1966 Dodge Charger. He identified the defendant Hyde as riding in the back seat

47

when the car entered the service station, and saw the defendant Hyde behind the wheel when he last saw them in the car. He further testified that the license plate contained the letters MM. The license number of the Trowbridge automobile was MM 3874.

The evidence further disclosed that at 10:30 a. m. the same day a policeman, Officer Mitchell of the St. Louis Police Dept. chased the green Dodge owned by Trowbridge in St. Louis, Missouri. The automobile was occupied by three negro men. The chase ended by the three men abandoning the car and running. The defendant Hyde was apprehended two blocks away while hiding in some weeds in a vacant lot, by two other St. Louis police officers. Officer Mitchell identified Hyde as one of the occupants of the car.

In behalf of the defendant, Catherine Peden, a friend of the defendant Hyde, testified that she was with him on September 11, 1966, from approximately 12:30 a. m. until 5:00 a. m. the same morning. During those hours she accompanied the defendant to the home of a male acquaintance. Then the three went to a tavern in East St. Louis where they danced, drank liquor, and watched a floor show which began about 3:00 a. m. Bessie Rayford, the girl friend of the defendant, accompanied them at the tavern. Bessie Rayford and Catherine Peden testified in support of the defendant's alibi that they were in the East St. Louis tavern from 2:15 a. m. until 5:30 a. m.

The defendant further testified that on the morning of September 11 at about 9:00 a. m. he was hitchhiking at the foot of MacArthur Bridge which crosses the Mississippi River to go to his brother's house in St. Louis, Missouri. He testified that a green sedan pulled up and offered him a ride and that the car contained two negro males whom he did not know. He testified that after arriving in St. Louis he became involved in a chase as described by Officer Mitchell. He also testified that when

48

the driver stopped the automobile and the two other occupants began to run, he also began to run because he was presently on parole for the offense of burglary and that he didn't want to get mixed up in the situation.

In support of his appeal the defendant alleges that the court erred in not granting a directed verdict of acquittal, erred in failing to grant a mistrial due to certain statements made by the State's Attorney in his opening statement, erred in not permitting the defendant additional time to produce a witness, and erred in giving an instruction.

In support of the first allegation of error i. e., that the court erred in denying the defendant's motion for a directed verdict at the close of the People's evidence and again at the close of all the evidence, the defendant argues that although evidence of recent, exclusive, and unexplained possession of stolen goods after a theft is sufficient evidence to convict, that the alleged possession by the defendant was neither exclusive nor unexplained.

The defendant's first argument in this regard is that the evidence of possession is not exclusive in view of the fact that three persons were in possession of the automobile on both of the occasions after the theft whereas only two unidentified parties apparently took the car in the first instance, and further argues possession is not necessarily shown by proof of mere association with a stolen article.

■■ However, as well settled is the rule of recent, exclusive and unexplained possession, it is equally well settled that joint possession with others may be exclusive within the rule. People v. Strutynski, 367 Ill 551, 12 NE2d 628 (1938); People v. Scholler, 385 Ill 93, 52 NE2d 130 (1944); People v. Wheeler, 5 Ill2d 474, 126 NE2d 228 (1955).

■ In the present case the jury was justified in finding that the defendant's relationship to the stolen auto-

mobile was more than mere association with the article and was actually possession within the meaning of the rule. From the evidence of the service station attendant it was apparent that the three individuals were acting in concert. The testimony of the police officer who gave chase to the automobile in St. Louis, Mo., concerning the fleeing of the three individuals would further indicate more than mere association with the article. Only the testimony of the defendant shows a "mere association" with the stolen car but his testimony was apparently rejected by the jury.

 The defendant next contends that the alibi evidence and explanation offered by the defendant and his witnesses nullified whatever inference of guilt might have been drawn from the evidence of possession. Accordingly, the defendant argues the court should have granted his motion for directed verdict at the close of all the evidence. However, as stated in the recent case of People v. Hanson (Ill App2d) (1968):

> "When the courts speak of an explanation they do not mean that any explanation overcomes the inference of guilt. It must be a satisfactory explanation —one that the trier of fact finds reasonable and acceptable. This does not mean that a defendant must assume the burden of giving a satisfactory explanation for the possession of stolen property or be found guilty if he does not, for the burden is always upon the State to prove him guilty beyond a reasonable doubt. It does mean, however, that the inference arising from the recent and exclusive possession of stolen property casts the burden of going forward with the evidence upon the defendant. If no explanation is made the inference maintains and the weight to be given it is for the trier of fact to decide. If an explanation is made, the acceptance or rejection of the explanation is also for the trier of fact."

In the case at hand the jury obviously rejected the explanation of the defendant. The question of whether the possession of stolen property is recent enough to raise a presumption of guilt is likewise a question for the jury. People v. Litberg, 413 Ill 132, 108 NE2d 468.

The defendant next alleges that the court erred in not granting the defendant's motion for a mistrial due to an alleged statement made by the State's Attorney in his opening statement to the effect that the defendant was guilty of committing an armed robbery.

The record before us does not contain the opening statements made by the parties. The only reference we find to the alleged remark is contained in the defendant's oral motion for a mistrial. The basis for the motion as stated by the defendant's attorney was due to "the mention of other crimes not within the scope of this indictment. . . ."

 This Court will normally not consider on appeal matters which are not included in the record. However, even assuming that the remark was made we do not feel that it constituted reversible error. Though evidence of other offenses is generally inadmissible when independent of and disconnected from the crime for which the defendant is being tried there is a corollary of such rule that such evidence is admissible when it is relevant to the main issue, which serves to place the accused in proximity to the time and place, aids and establishes identity, and tends to prove design, nature or knowledge. People v. Lewis, 30 Ill2d 617, 198 NE2d 812 (1964); People v. Tronowski, 20 Ill2d 11, 169 NE2d 347 (1961).

In the present case the service station attendant identified the defendant as one of three persons that came to his service station at about 3:30 a. m. on the morning of the offense, in a 1966 green Dodge Charger. On cross-examination of the attendant, it was revealed that before the three departed the service station, the attendant was

51

taken back into the storeroom of the station and tied up. At that time Hyde was in the driver's seat. A police officer also testified without objection that at 3:21 a. m. he received a call from the attendant reporting an armed robbery.

However prejudicial the evidence may have been to the defendant, the evidence served to place the defendant in proximity to the time and place of the original offense and aided in the establishment of his identity.

The defendant next alleges that the court erred in refusing a continuance during the trial to the defendant. From the record it appears that the defendant attempted to subpoena a police officer during the trial and was not sure whether the witness had actually been served. The defendant requested and was granted a continuance of one hour and a half in order to secure the witness. When the witness then failed to appear, the court required the trial to continue.

The granting of a continuance during trial is purely a matter of discretion resting within the trial court, and its exercise will not be disturbed on review unless there is an abuse of that discretion. People v. Kees, 32 Ill2d 299, 205 NE2d 929 (1965). Under the facts of this case we cannot say the court abused its discretion.

The last allegation of error raised by the defendant is that the court erred in giving People's Instruction Number 10; the instruction is in the language of the Statute (c 38, § 5-2(c)). The instruction provided:

> "The court instructs the jury that a person is legally accountable for the conduct of another when, either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other persons, in the planning or commission of the offense."

The defendant raises no question as to the substance of the instruction but argues that the instruction is not supported by the evidence. The defendant's argument as we understand it is that all of the evidence concerning the defendant pertains to his activity after the offense while the instruction concerns affirmative actions prior or during the commission of the offense.

 As stated above, the evidence of recent exclusive and unexplained possession of stolen property gave rise to a presumption of guilt. Where the possession is joint, as here, the presumption is that all in possession are guilty of the theft. In other words, all are presumed guilty as principals of the theft. Under our Criminal Code certain affirmative conduct either prior to or during the commission of an offense results in the party being legally accountable as a principal of the offense. Previous distinction between accessories and principals has been replaced by these new provisions in the Code.

 Theft, under the Criminal Code of 1961 (§ 16–1(a)) includes both obtaining and the exertion of unauthorized control over, property of the owner, and, either (1) intention to deprive the owner permanently of its use or benefit, or (2) knowingly using the property in such manner as to deprive the owner permanently of its use or benefit, or (3) use of the property knowing such use will deprive the owner permanently. Even though there is no testimony that this defendant took the automobile from the owner in the first instance, he was tried with Lumpkins, and the evidence of this defendant's possession was not satisfactorily explained. That evidence was sufficient for the jury to conclude that there was a common design of attempting to deprive the owner of the use and benefit of his automobile permanently. The legal responsibility provided by the instruction extends to any act committed by such other person in furtherance of the common design. People v. Chavis, 79 Ill App2d 10, 223 NE2d 196; People

v. Kolep, 29 Ill2d 116, 193 NE2d 753. The evidence raises the issue of whether this defendant was a participant in any part of the crime and even slight evidence upon a given theory of the case will justify giving an instruction. People v. Matter, 371 Ill 333, 20 NE2d 600.

This Court is appreciative of the efforts of appointed counsel in capably preparing and presenting this appeal.

Finding no reversible error, we affirm the judgment of the Circuit Court of St. Clair County.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.