People of the State of Illinois, Plaintiff-Appellee, v. John Campbell, Defendant-Appellant.

Gen. No. 10,971.

Fourth District.

February 5, 1969.

Guy E. Williams, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur, for appellee.

TRAPP, P. J.

Defendant was convicted of attempted burglary after a jury trial and sentenced to a term of not less than ten years or more than fourteen years. The only issues presented upon this appeal arise from preliminary proceedings in which a jury found the defendant competent to stand trial.

It is urged that the prosecution failed to prove such competence by a preponderance of the evidence, and that the court erred in failing to direct a verdict requiring the jury to find the defendant unable to understand the nature of the charges or to cooperate with counsel in presenting a rational defense. In short, we are asked to hold, as a matter of law, that upon the record the defendant was not competent to stand trial.

██ ██ The excerpts from the record do not indicate that either a motion for a directed verdict, or for a new competency hearing was made in the trial court, but it has been held that, where the record requires, the court should act upon its own motion. People v. McKinstray, 30 Ill2d 611, 198 NE2d 829. It has also been held that it is proper for the trial court to direct a jury to return a verdict that the defendant is competent to stand trial. People v. Woods, 26 Ill2d 557, 188 NE2d 1; People v. Brown, 31 Ill2d 415, 201 NE2d 409.

The issue of competency arose when the court was advised prior to arraignment that the defendant was dissatisfied with the services of the public defender and wanted another attorney appointed. In open court, the defendant asserted that, ". . . he just don't appear to me he'd be in my corner," and complained that his counsel

spoke of the evidence against the defendant and what the State's Attorney would recommend. Defendant's accusations and remarks were essentially ill-tempered. Thereupon, the court appointed counsel other than the public defender. It is observed that nothing before us suggests that the defendant had other than satisfactory attorney-client relations in the subsequent proceedings.

Pursuant to the request of the State's Attorney the defendant was examined by a psychiatrist whose qualifications are not questioned and who testified at the jury hearing upon competency. In an interview, the latter elicited defendant's personal history, employment and education. Defendant, 45 years of age, had left school after the second grade, and was first arrested when fourteen years old. He had an extensive record of convictions and arrests. The doctor noted that defendant stated that he did not want to answer some questions. His conclusion was that the defendant had a schizoid or asocial personality with an intelligence verging on the defective level. His opinion was that defendant both understood the nature of the charges and was able to cooperate with counsel.

Upon cross-examination, the doctor stated that it was difficult to fix the intelligence quotient because the defendant would respond that he wasn't interested in the questions. He estimated the intelligence as between 75–90. At the lower level, it would be the intelligence of an eleven-year-old boy. The doctor reiterated that the defendant was competent for purposes of standing trial, and that while there appeared to be evidence of alcoholism, such would not affect his competence at trial.

Here it is argued that the interview was of but an hour in length, and that the opinion was reached without a medical history, or the tests employed when a complete psychiatric examination is made.

No evidence was presented by the defendant either as to a medical history or other facts showing his want of

358

competency to stand trial. The testimony of the psychiatrist is the only evidence upon the issue.

In People v. Brotnyak, 39 Ill2d 545, 237 NE2d 451, it was held that neither chronic alcoholism nor borderline intelligence are determinative of competency to stand trial. See also People v. King, 50 Ill App2d 421, 200 NE2d 411. In People v. Brown, 31 Ill2d 415, 201 NE 2d 409, it was held that defendant's commitment as feebleminded eight years before was not determinative of the relevant factors; (1) capacity or ability to understand the nature of the charges, and (2) to cooperate with counsel in defending. This rule was followed where the defendant was committed as in need of mental treatment. People v. Woods, 26 Ill2d 557, 188 NE2d 1. In each case, the Supreme Court held it proper for the trial court to instruct the jury to return a verdict finding defendant competent to stand trial.

■ Here, as in those cases, the only evidence before the court and jury was the medical opinion of a qualified witness that defendant was competent to stand trial within the statutory standards. Ill Rev Stats 1965, c 38, § 104–1. Under the authorities noted, such evidence is sufficient to establish the necessary preponderance, and we find no error in the proceedings.

The judgment of the trial court is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.