The People of the State of Illinois, Plaintiff-Appellee, *v.* Eddie Lee Hudson, Defendant-Appellant.

(No. 57046;

·First District—November 28, 1972.

James J. Doherty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

The defendant was arrested and charged with the crime of murder. The Public Defender of Cook County was appointed to represent him. After hearings on defendant's competency to stand trial, and on a motion to suppress his signed confession, the case proceeded to trial. The court found defendant guilty and sentenced him to serve a term of 18 to 25 years in the State penitentiary.

The defendant wished to appeal, and the Public Defender was appointed to represent him, but after examining the case the Public Defender filed a petition in this court for leave to withdraw as appellate counsel. Pursuant to requirements set out in *Anders v. California,* 386 U.S. 738, a brief in support of the petition has also been filed. That brief states in effect that an appeal in this case would be wholly frivolous and without merit. This court then notified the defendant of the pending petition and granted him leave to file points in support of his appeal. Defendant has not responded.

The petition and brief of the Public Defender allege that the only questions which could be raised on appeal are that the trial court erred in directing the jury to return a verdict that the defendant was competent to stand trial; that the trial court erred in denying defendant's motion to suppress his confession; and that defendant was not proved guilty beyond a reasonable doubt.

Our review of the case discloses that the trial court did not err in

directing the jury to return a verdict that defendant was competent to stand trial. The prosecution introduced the testimony of Dr. Edward Kelleher, Director of the Psychiatric Institute of Cook County, who testified that based upon his examination of defendant, it was his opinion that defendant was competent to stand trial. This testimony was uncontradicted. Under such circumstances it was proper for the court to direct a verdict. *People v. Woods,* 26 Ill.2d 557; *People v. Brown,* 31 Ill.2d 415.

It is further alleged by the Public Defender that any contention that the trial court erred in denying defendant's motion to suppress his confession would be without merit. The record shows that while defendant was given his "essential rights," he was not advised that he could have stopped the questioning at any time. Such warning, however, is not essential. *People v. Washington,* 115 Ill.App.2d 318; *People v. Smith,* 108 Ill.App.2d 172.

The Public Defender urges that the last basis for an appeal would be that defendant was not proved guilty beyond a reasonable doubt. The judgment of the Appellate Court will not be substituted for that of the trial court unless the judgment was palpably erroneous. In the instant case, there was more than ample evidence upon which to sustain the conviction.

Our examination of the record, as required by *Anders,* reveals no arguable error, and we have concluded that the appeal is frivolous and without merit. Accordingly, the Public Defender of Cook County is granted leave to withdraw as counsel for defendant on appeal, and the judgment of conviction is affirmed.

Petition allowed; judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.