THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME EDWARDS, a/k/a CHARLES MURPHY, Defendant-Appellant.

(No. 59797;

First District (3rd Division)—May 1, 1975.

James J. Doherty, Public Defender, of Chicago (Terrence McQuigg, Dale W. Broeder, Ronald P. Alwin, and Matthew J. Beemsterboer, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Dennis J. O'Hara, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant, Jerome Edwards, otherwise known as Charles Murphy, was charged in a three-count indictment with having committed on July 27, 1972, the offenses of (1) armed robbery, (2) unlawful use of weapons, a misdemeanor, and (3) unlawful use of weapons, a felony (Ill. Rev. Stat. 1971, ch. 38, pars. 18—2, 24—1(a-2), 24—1(2-4)). After a trial by jury, verdicts were returned finding defendant guilty of armed robbery, robbery, and unlawful use of weapons. He was sentenced only as to the armed robbery and the felonious unlawful use of a weapon, to respective terms of 5 to 15 years and 5 to 10 years, to be served concurrently. Defendant appeals both convictions.

The sentence here imposed for unlawful use of a weapon was pursuant to the enhanced penalty in section 24—1(b) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(b)), which in pertinent part provides:

"A person convicted of a violation of Subsection 24—1(a)(1) through (6), * * * shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both; * * * A person convicted of a felony under the laws of this or any other jurisdiction, who, within 5

years of release from penitentiary or within 5 years of conviction if penitentiary sentence has not been imposed, violates any Subsection of this Section shall be imprisoned in the penitentiary from one to 10 years."

In the instant appeal, defendant does not challenge the sufficiency of the evidence. Instead, he contends that he was denied a fair trial by the disclosure of his prior conviction in the reading by the court of the indictment to the prospective jurors on *voir dire* and again by the State at the close of the State's case in chief. He further contends that the joint trial of the enhanced penalty charge and the other offenses alleged in the indictment unfairly tended to contribute to guilty verdicts as to those other offenses. We hold that the inherent prejudice resulting from the disclosure of defendant's previous burglary conviction at a joint trial of a separate primary offense requires that the judgment be reversed and the cause remanded for new and separate trials. For this reason, defendant's final contention that he was improperly convicted and sentenced for two offenses arising out of the same criminal conduct need not be reached. The facts relevant to the disclosure of defendant's prior felony conviction are here set forth.

Before trial, defendant moved that the felony charge of unlawful use of a weapon, contained in the third count of the indictment, be adjudicated in a proceeding separate from his jury trial on the other charges. Arguing that the enhanced penalty charge would involve proof of his prior burglary conviction and thereby prejudice his trial on the other counts, defendant offered to stipulate to the prior conviction and waive a jury trial on the enhanced penalty charge. In the alternative, defendant requested that the trial court refrain from reading the enhanced penalty count to the jury, permit the jury to first proceed to verdicts on the first and second counts, and only then to read the enhanced penalty count to the jury and permit them to proceed to a verdict. The trial court denied defendant's motion.

Selection of the jury was commenced by the trial court's reading to the veniremen, over defendant's objection, all three counts of the indictment. Each count referred to defendant as "Jerome Edwards otherwise called Charles Murphy." The third count, after repeating the unlawful use of a weapon charge contained in the second count, further alleged that the defendant had been convicted of burglary in 1968 under the name of Charles Murphy, imprisoned in the State penitentiary, and released from custody on September 7, 1971.

At the end of the State's case in chief the prosecutor read into the record, in the presence of the jury, a stipulation of the parties which stated that defendant Jerome Edwards and one Charles Murphy were

one and the same person, and that under the name of Charles Murphy defendant pleaded and was found guilty of burglary in 1968, sentenced to the State penitentiary for not less than 1 year nor more than 10 years, and released from custody on September 7, 1971. After several witnesses had testified for the defense the defendant took the stand. On cross-examination the prosecutor questioned defendant concerning his prior burglary conviction.

The trial court instructed the jury as to the offenses of armed robbery, robbery, and unlawful use of a weapon, under section 24—1(a)(2) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(2)). No instruction was submitted concerning felonious unlawful use of a weapon under section 24—1(b) of the Code (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(b)). However, the jury was instructed that the indictment against the defendant was merely a formal accusation; was not evidence, nor did it create an inference of guilt; and that the evidence of defendant's prior conviction was to be considered only in determining his credibility as a witness, not as evidence of his guilt of the offenses charged. Verdicts were returned finding defendant guilty of armed robbery, robbery, and unlawful use of a weapon, under section 24—1(a)(2) of the Code (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(2)). After a hearing in aggravation and mitigation, the trial court sentenced defendant to 5 to 15 years for armed robbery, and 5 to 10 years for felonious unlawful use of a weapon under section 24—1(b) (Ill. Rev. Stat. 1971, ch. 38, par. 24—1 (b)).

By way of justification for the disclosure and substantive introduction of defendant's prior felony conviction, the State argues that in the prosecution of an enhanced penalty offense such disclosure and proof are not only constitutional but procedurally necessary. In support of that argument the State cites, among other cases, *Spencer v. Texas* (1967), 385 U.S. 554, 17 L.Ed.2d 606, 87 S.Ct. 648, and *People v. Ostrand* (1966), 35 Ill.2d 520, 221 N.E.2d 499.

*Spencer* involved a consolidated appeal by three defendants who were separately tried and convicted under a Texas habitual-criminal statute. Each defendant had been indicted for one primary offense, which indictments also alleged that each defendant had previously been convicted of a felony. At their trials, over the objection of each defendant, the indictments were read to the juries and documentary proof of the prior convictions was introduced. Prior to the deliberations of the juries the trial court in each case instructed them not to consider the prior convictions in determining the guilt of the defendants as to the primary charge alleged against each. On appeal, defendants contended that the reference in the indictments to their prior convictions

and the introduction of substantive evidence were so prejudicial to their trials on the primary charges that they were denied fair trials in violation of the Due Process Clause of the Fourteenth Amendment. In affirming the convictions, Mr. Justice Harlan, writing for the majority of the court, stated:

"It is contended nonetheless that in this instance the Due Process Clause of the Fourteenth Amendment requires the exclusion of prejudicial evidence of prior convictions even though limiting instructions are given and even though a valid state purpose— enforcement of the habitual-offender statute—is served. We recognize that the use of prior-crime evidence in a one-stage recidivist trial may be thought to represent a less cogent state interest than does its use for other purposes, in that other procedures for applying enhancement-of-sentence statutes may be available to the State that are not suited in the other situations in which such evidence is introduced. We do not think that this distinction should lead to a different constitutional result.

Cases in this Court have long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial. [Citations.] But it has never been thought that such cases establish this Court as a rule-making organ for the promulgation of state rules of criminal procedure. And none of the specific provisions of the Constitution ordains this Court with such authority. In the face of the legitimate state purpose and the long-standing and widespread use that attend the procedure under attack here, we find it impossible to say that because of the possibility of some collateral prejudice the Texas procedure is rendered unconstitutional under the Due Process Clause as it has been interpreted and applied in our past cases. As Mr. Justice Cardozo had occasion to remark, a state rule of law 'does not run foul of the Fourteenth Amendment because another method may seem to our thinking to be fairer or wiser or to give a surer promise of protection to the prisoner at bar.'" 385 U.S. 563, 564.

Dissenting from the majority opinion, Chief Justice Warren wrote that the procedure challenged by the defendant was fundamentally at odds with the Due Process Clause, not in that it balanced conflicting interests of the State and an accused in the State's favor, but because it needlessly prejudiced an accused without advancing any legitimate interest of the State. The Chief Justice stated that the only legitimate interest the State had in substantively introducing prior-crime evidence at a one-stage trial was the convenience of avoiding a bifurcated proceed-

ing. However, observing that at least one of the defendants had unsuccessfully attempted to stipulate to his prior conviction and that the then existing Texas law did not require that such a stipulation be accepted by the State, he reasoned that the rejected stipulation of the one defendant and the denial of that same opportunity to the other defendants under the State law effectively destroyed any legitimate State interest in the substantive introduction of prior-crime evidence. He therefore concluded that the subsequent introduction of that evidence could not have served any purpose other than establishing criminal propensity, which is itself a violation of the Due Process Clause of the Fourteenth Amendment.

In *People v. Ostrand*, the procedural propriety of the substantive introduction of prior convictions in enhanced penalty prosecutions was in issue. There the defendant was charged in separate indictments which were also separately tried, with armed robbery and unlawful use of a weapon. The second indictment contained two counts charging unlawful use of a weapon and felonious unlawful use of a weapon under section 24—1(b) of the Criminal Code (Ill. Rev. Stat. 1961, ch. 38, par. 24—1(b)). The latter count alleged that the defendant had committed the offense of unlawful use of a weapon within 5 years of being released from the penitentiary on a burglary conviction. Prior to trial, the first count of the second indictment was *nolled*. The felonious unlawful use of a weapon count proceeded to trial and testimonial and documentary evidence was introduced before the jury to establish defendant's prior conviction. On appeal of his conviction of the enhanced penalty charge, defendant contended in part that the pleading and proof of his prior burglary conviction was improper in that the prior conviction was not an element of the offense, but only related to the severity of the punishment to be imposed by the trial court. In affirming the conviction the court held that as the prior conviction elevated the offense charged from a misdemeanor to a felony, it was not only proper but necessary to allege and prove their prior conviction to establish the commission of felonious unlawful use of a weapon. In addition to *Ostrand*, the State cited a number of later Illinois cases which adopt its reasoning. However, we feel that all of the decisions cited by the State, including *Spencer v. Texas* and *Ostrand*, are sufficiently distinguishable from the instant case so as to be not binding upon our resolution of the issue here involved.

In the instant case defendant was charged in a single indictment with armed robbery, unlawful use of a weapon, and felonious unlawful use of a weapon. All the charges were jointly tried before the jury. In *Spencer v. Texas*, only a single primary charge giving rise to the enhanced pen-

alty prosecution was brought and tried against each defendant. Similarly, the enhanced penalty prosecutions of the respective defendants in *People v. Owens* (1967), 37 Ill.2d 131, 225 N.E.2d 15; *People v. Ramey* (1974), 22 Ill.App.3d 916, 317 N.E.2d 143; *People v. Bellamy* (1973), 12 Ill.App.3d 576, 299 N.E.2d 585; *People v. Hise* (1971), 1 Ill.App.3d 43, 272 N.E.2d 264; and *People v. Ferrara* (1969), 111 Ill.App.2d 472, 250 N.E.2d 530, were also based upon the alleged commission of a single primary offense. Although the defendant in *People v. Ostrand*, was charged with armed robbery in addition to the offense upon which the enhanced penalty charge was predicated, the armed robbery charge was contained in a separate indictment which was separately tried.

The only case cited by the State in which a defendant was indicted and jointly cited on a separate primary offense together with the charge on which the enhanced penalty prosecution was based is *People v. Hayes* (1973), 15 Ill.App.3d 851, 305 N.E.2d 283. Yet the trial there was had before a judge sitting without a jury, and the defendant made no objection to the introduction of evidence of his prior conviction, thus giving rise to the unrebutted presumption that only competent evidence was considered in the rendition of the judgment. (*People v. Robinson* (1964), 30 Ill.2d 437, 197 N.E.2d 45; *People v. Armstrong* (1967), 80 Ill.App.2d 77, 224 N.E.2d 675.) The State further cites *People v. De Groot* (1969), 108 Ill.App.2d 1, 247 N.E.2d 177, in support of the propriety of substantively introducing evidence of the defendant's prior conviction at trial. The *De Groot* case also involved an enhanced penalty prosecution based upon the alleged commission of a single primary offense. Moreover, the court refused to follow the hold in *Ostrand*, distinguishing that decision as applicable only in cases where the prior conviction elevates the primary charge from a misdemeanor to a felony, stating:

> "It cannot be seriously disputed that a defendant in a criminal prosecution is prejudiced when the trier of fact—be it judge or jury—is made aware of his former conviction before arriving at a determination of his guilt or innocence in the case on trial. The legislature's repeal of the Habitual Criminal Act and its deletion from other statutes of the requirement of pleading and proving prior convictions is evidence of a public policy determination that such practice is not to be continued in any area of the law where it can be avoided." 108 Ill.App.2d 1, 10.

■■ The law distrusts the inference that because an accused has committed other crimes he is more likely to have also committed the offense currently charged. (*People v. Moore* (1966), 35 Ill.2d 399, 220 N.E.2d 443; *People v. Allen* (1971), 1 Ill.App.3d 197, 272 N.E.2d 296.) Evidence of other crimes is excluded where it has no probative value beyond creat-

ing such an inference. (*People v. Bryant* (1971), 1 Ill.App.3d 428, 274 N.E.2d 491.) As a general rule, substantive evidence of other crimes has no recognized probative value unless it is relevant to establishing motive, intent, knowledge, identity, a common scheme or design, or a fact material to an issue at trial. *People v. Jordan* (1974), 18 Ill.App.3d 133, 309 N.E.2d 274; *People v. Hexum* (1967), 83 Ill.App.2d 192, 226 N.E.2d 877, *cert. denied,* 391 U.S. 907.

With the reading of the entire indictment by the trial court the jury in the instant case was initially apprised of the State's allegation that defendant had previously been convicted of burglary. That allegation was later supported by a stipulation of the parties which was read into the record in the presence of the jury. Under the authority of *People v. Ostrand,* the pleading and proof of that prior conviction was a necessary element to establishing that the defendant had committed the offense of felonious unlawful use of a weapon. At the same time, it cannot be said that such evidence was prejudicial to the defendant's trial on the second count of the indictment charging unlawful use of a weapon under section 24—1(a)(2) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(2)). However, the pleading and proof of the prior conviction was totally irrelevant to the first count of the indictment which charged defendant with the offense of armed robbery. Such pleading and proof had no recognized probative value as to that charge and could have succeeded in creating the inference of criminal propensity in the minds of the jurors. Further, the pleading and proof of an accused's prior conviction in a joint trial of an enhanced penalty charge and another separate primary charge can, as to the latter charge, have the dual effect of placing the accused's character in issue, not at his choice, but at that of the State, and of coercing the accused to testify as the only practical means of mitigating the harm therefrom.

The inherent prejudice thus injected into defendant's trial on the armed robbery count is in no way lessened by the fact that defendant stipulated at trial to his prior felony conviction. This stipulation was an obvious attempt by defendant to avoid further prejudice by eliminating the necessity for the State to introduce substantive evidence to prove the prior conviction. That the defendant chose to testify, at which time he was questioned about his prior conviction, and that the jury did not pass upon the enhanced penalty count of the indictment, does not in either instance negate the prejudice to defendant. Inasmuch as the jury had previously been substantively informed of the prior conviction before beginning deliberations on defendant's guilt or innocence of armed robbery, we do not feel that the instructions to the jury were sufficient to cure this prejudice.

If it appears that a defendant may be prejudiced by the joinder of separate charges for trial, the trial court may in its discretion order separate trials of the charges or provide any other relief that justice may require. (Ill. Rev. Stat. 1971, ch. 38, par. 114—8; see also Ill. Rev. Stat. 1971, ch. 38, par. 3—3(c).) The joinder of the offenses of armed robbery and felonious unlawful use of a weapon in a single prosecution and the resulting necessity of pleading and proving the prior conviction therein to sustain the latter charge clearly reflected that defendant would be prejudiced unless a severance was granted. Under such circumstances it was an abuse of discretion for the trial court to refuse to sever the armed robbery charge from the other charges.

■■ This opinion should not be construed as requiring in any manner a bifurcated or 2-stage trial in criminal cases. There is no statutory authority for such procedure in Illinois, nor is such procedure constitutionally required. (*People v. Speck* (1968), 41 Ill.2d 177, 206-208, 242 N.E.2d 208; *People v. Dread* (1975), 27 Ill.App.3d 106, 327 N.E.2d 175.) Rather, we limit our holding to the following: An accused is entitled to a severance or other relief as justice may require, as provided by statute, where a joint trial of the separate primary charge with an enhanced penalty offense will require the pleading and proof of a prior conviction wholly irrelevant to the primary offense charged.

■■ It is unnecessary to reach the other contentions raised by defendant which are not likely to arise upon a new trial of the charges herein. Accordingly, the judgment is reversed and the cause remanded with directions to order a severance of the armed robbery count from the other counts in the indictment and to proceed to new trials not inconsistent with this opinion.

Reversed and remanded with directions.

McGLOON, P. J., and DEMPSEY, J., concur.