THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES CLIFFORD (Impleaded), Defendant-Appellant.

First District (5th Division)   No. 61984

Opinion filed May 14, 1976.

James J. Doherty, Public Defender, of Chicago (Saul H. Brauner, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and Richard I. Michael, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Defendant James Clifford was charged with burglary. Prior to trial, he made a motion to quash the arrest and to suppress the evidence taken from him at the time of his arrest. The motion was denied. His trial by jury resulted in a conviction and a sentence of 2 to 6 years. Thereafter, defendant brought this appeal and presents three issues: (1) whether the trial court erred in denying his motion to quash and suppress, (2) whether he was proven guilty beyond a reasonable doubt, and (3) whether the instruction defining accountability should have been given in this case.

On February 24, 1973 at about 10 p.m. two security guards for the Chicago Housing Authority, Officer McKinney and Sergeant Miles, observed James Searcy descend the stairway between the 8th and 7th floors of the 16-floor building at 1433 West 13th Street in Chicago, Illinois. Searcy, a nonresident of that building, was carrying two portable television sets, one in each hand. Unable to explain who owned the sets, Mr. Searcy accompanied the guards to the security office. At 10:10 p.m. the guards resumed their rounds and at approximately 10:15 p.m. they observed defendant James Clifford knocking on the door to apartment 805 while holding a radio and speakers. Defendant was not a resident of the building. Officer McKinney inquired into the ownership of the appliances and was told that defendant had found them unattended in the hallway. The guards then escorted defendant to their office where James Searcy had remained in the interim. The Chicago police were summoned and the two men were taken to the 12th District Station where the televisions, radio and speakers were inventoried.

Debra Penn testified that she left her apartment on the 15th floor of the building at 1433 West 13th Street at about 8 p.m. on February 24, 1973. At that time the door to her apartment was locked and no one else had a key. When she returned at approximately 3 a.m. of the following day, she could not enter her apartment because the lock was jammed. She also observed chip marks on the door and evidence of the door having been pried. With the assistance of the security guards, she entered the apartment and found that certain articles were missing: two portable

television sets, a radio, speakers, a turn-table and a rifle. This property had been in the apartment when she left at 8 p.m. the previous day. She was taken to the police station where she identified the items recovered from Searcy and Clifford as those which were missing from her apartment. The turn-table and the rifle were never recovered.

The jury returned a verdict of guilty on the charge of burglary against defendant. From that conviction defendant appeals.

OPINION

■■ Defendant contends that his arrest was unlawful because the arresting officers did not have reasonable grounds to believe that he had committed an offense. The issue, then, is to determine whether probable cause to arrest existed in the circumstances of this case. Recently, the Illinois Supreme Court reaffirmed the test to be applied in determining whether probable cause existed. The court stated in *People v. Robinson* (1976), 62 Ill. 2d 273, 276-77, 342 N.E.2d 356:

> " 'Whether or not probable cause for an arrest exists in a particular case depends upon the totality of the facts and circumstances known to the officers when the arrest was made. [Citations.] In deciding the question of probable cause in a particular case the courts deal with probabilities and are not disposed to be unduly technical. These probabilities are the factual and practical considerations of everyday life on which reasonable men, not legal technicians, act. *Draper v. United States*, 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329; *People v. Fiorito*, 19 Ill. 2d 246, [166 N.E.2d 606]. Also it is proper to recognize in judging whether there was probable cause that '[p]olice officers often must act upon a quick appraisal of the data before them, and the reasonableness of their conduct must be judged on the basis of their responsibility to prevent crime and to catch criminals.' *People v. Watkins*, 19 Ill. 2d 11, 19 [166 N.E.2d 433]."

The security guards clearly possessed a duty to prevent crimes against persons and property in the building. At 10:15 p.m. on February 24, 1973, they observed defendant, a nonresident of the building, holding home entertainment appliances under his arm while standing on the 8th floor. Just 15 minutes earlier and a half a floor below, they had observed another nonresident, James Searcy, carrying the same type of appliances which he neither owned nor brought into the building with him. Considered in the light of every day experience, Searcy's actions gave rise to a reasonable belief that one of the apartments in the building had been burglarized. Under these circumstances the guards approached defendant and inquired as to the ownership of the property in his possession. When defendant could not satisfactorily explain his possession of property

which he admittedly did not own, they had reasonable grounds to believe that defendant had participated in that crime. To dispute the existence of probable cause defendant draws attention to the fact that Debra Penn did not report the burglary of Apartment 1506 until after the arrest. This factor, however, is not determinative. (*People v. Woods* (1963), 26 Ill. 2d 557, 188 N.E.2d 1.) To arrest upon probable cause, the officers' knowledge must transcend mere suspicion but need not encompass evidence sufficient to result in a conviction. (*People v. Robinson* (1976), 62 Ill. 2d 273, 342 N.E.2d 356.) The law requires only that the officers have reasonable grounds to believe that an offense had been committed and that the arrested party committed it. (*People v. Boozer* (1957), 12 Ill. 2d 184, 145 N.E.2d 619.) Under the authority of these decisions, we find that it was reasonable to believe a burglary had been committed by defendant and that it was not necessary to know which apartment had, in fact, been burglarized at the time of arrest. The arrest was upon probable cause and the motion to quash the arrest was properly denied.

■■ The motion to suppress the evidence, which was taken from defendant at the time of his arrest, was also properly denied. At the hearing on the motion, Officer McKinney testified that defendant held the radio and speakers in a clearly visible fashion. Defendant testified that the property was in a bag and only the upper portion of the equipment was visible. Defendant also said that the property was not held by him but positioned next to him on the floor. In either case, defendant was not searched as the radio and speakers were not concealed. (*People v. Jones* (1964), 31 Ill. 2d 42, 198 N.E.2d 821; *People v. Woods* (1963), 26 Ill. 2d 557, 188 N.E.2d 1.) Objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced into evidence. (*People v. Wright* (1968), 41 Ill. 2d 170, 242 N.E.2d 180.) The guards had a right to be in the hallway when they observed the appliances and properly seized the property which they had reason to believe had been taken from one of the apartments.

■■ ■ Defendant's next contention that he was not proven guilty beyond a reasonable doubt is without merit. It is well settled Illinois law that evidence of the recent exclusive and unexplained possession of the proceeds of a burglary may be sufficient to sustain a conviction of burglary unless there are other facts and circumstances which create a reasonable doubt of guilt. (*People v. Woods* (1963), 26 Ill. 2d 557, 188 N.E.2d 1; *People v. Owens* (1962), 23 Ill. 2d 534, 179 N.E.2d 630; *People v. Pride* (1959), 16 Ill. 2d 82, 156 N.E.2d 551.) Obviously, the jury did not find credible defendant's story of finding the property in the hallway. The question was one for the jury and the verdict cannot be said to be against the manifest weight of the evidence. *People v. Woods* (1963),

26 Ill. 2d 557, 188 N.E.2d 1; *People v. Mathews* (1950), 406 Ill. 35, 92 N.E.2d 147.

■■ Finally, defendant contends that the instruction defining accountability was improperly given as it was not supported by the evidence. Even slight evidence upon a given theory of the case will justify giving an instruction. (*People v. Hyde* (1968), 97 Ill. App. 2d 43, 239 N.E.2d 466.) As noted previously, defendant's exclusive and unexplained possession of property recently taken in a burglary supports the theory that he participated in the burglary as a principal. The fact that defendant might have been guilty of direct participation in the crime does not render the accountability instruction improper if there was also sufficient evidence that he aided another in the commission of the burglary. (*People v. Stark* (1966), 33 Ill. 2d 616, 213 N.E.2d 503.) The record is replete with such evidence. It shows that defendant had known Searcy for over a year; that both of these men were nonresidents of the building; that these appliances were taken from the same burglarized apartment; and that each of them was observed in possession of the appliances within the space of 15 minutes and within a half a floor's distance of each other. While the evidence details the activities of Searcy and defendant which occurred after the breaking and entry, this circumstance is of no moment. Accountability requires that the assistance of the person to be held accountable must occur prior to or during the commission of the crime but such assistance can be inferred from activities which occur after the offense. (*People v. Hyde* (1968), 97 Ill. App. 2d 43, 239 N.E.2d 466.) Thus, the evidence in this case adequately supported the State's alternative theory that one of these men may have aided the other in the commission of the burglary and the State was entitled to have the accountability instruction given.

For these reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ, P. J., and DRUCKER, J., concur.