THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EDWARD WOODS, Defendant-Appellant.
First District (2nd Division)    No. 61544

Opinion filed August 10, 1976.

James J. Doherty, Public Defender, of Chicago (Andrew J. Kleczek and Marc Fogelberg, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Linda Ann Miller, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

After a bench trial, defendant was convicted of the offense of armed robbery (Ill. Rev. Stat. 1971, ch. 38, par. 18—2) and sentenced to serve 6 to 18 years. On appeal, defendant contends that the trial court erred when it: (1) failed to exclude prejudicial evidence; (2) improperly allowed evidence of defendant's prior convictions at trial.

The robbery occurred on June 15, 1973, at 9:40 a.m. The victim, Edwin S. Rhodes, had driven his car to 1130 E. 41st Street in Chicago where he was to work that day. As the victim was locking the door of his

automobile, he was accosted by three young men, one of whom was armed with a revolver. The victim was then forced back into his car, and was driven from the scene by the assailants.

While in the car, the victim was relieved of his wallet and the change from his pocket. After all of his money had been taken he was hit on the head and driven to an area where he was pushed from his car. Before leaving the scene, the armed assailant again struck the victim and then got back into the car and left with two other men. The victim, still groggy from the attack, managed to call the police, and was subsequently picked up by a squad car. He gave police a description of his stolen car, and a very general description of his attackers.

The following evening, June 16, 1973, police officers stopped the victim's car and arrested its occupants. In a search incident to arrest, a weapon was recovered from the purse of Mary Smith, one of the occupants. At the police station a lineup was conducted and the defendant was identified by the victim as the armed assailant. In addition, the weapon which was recovered by the police was identified by the victim as the one used by defendant during the robbery.

Defendant contends that he was prejudiced when the trial court admitted the weapon taken from Mary Smith into evidence. The defendant argues that the weapon was inadmissible because it was not in his possession or control when seized by the arresting officers. To support this position *People v. Smith* (1952), 413 Ill. 218, 108 N.E.2d 596, and *People v. Perkins* (1959), 17 Ill. 2d 493, 162 N.E.2d 385, are cited. Neither of these cases is of assistance to defendant. In *People v. Smith* defendant's murder conviction was overturned because the State offered into evidence two shotguns which had been seized by the police at the time of arrest. The murder weapon was a pistol. The court found that because the shotguns were not related to the murder in question, their admission into evidence prejudiced the defendant and denied him a fair trial. In *People v. Jones* (1961), 22 Ill. 2d 592, 177 N.E.2d 112, the supreme court commented that in *People v. Smith* the real basis of the decision was not the question of possession. The court said even if the shotguns had been in the defendant's lap they would not be admitted because they were not relevant.

In *People v. Perkins*, the supreme court held that a gun, taken from the house of another party, was admissible against the defendant because there was sufficient witness testimony to link the gun to the defendant. The court did not consider actual possession and control to be the essential elements in determining the admissibility of the gun.

In the present case, the defendant and a number of friends were arrested as they drove a car which the previous day had been taken in an armed robbery. Defendant and the other occupants of the stolen car were

searched incident to a valid custodial arrest. The gun which was recovered from the purse of Mary Smith was discovered and seized during a proper search of the parties. *United States v. Robinson* (1973), 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467; *Gustafson v. Florida* (1973), 414 U.S. 260, 38 L. Ed. 2d 456, 94 S. Ct. 488.

■■ ■ At defendant's trial on the armed robbery charge, the State offered testimony from the victim that the gun taken from Mary Smith was, in fact, the weapon defendant used in the commission of the crime. Where there is sufficient competent witness testimony to show a link between a weapon and the defendant's use of that weapon during the commission of a crime, the fact that the gun was recovered outside of defendant's possession or control will not defeat its admissibility at trial. (*People v. Smith; People v. Perkins; People v. Jones.*) For this reason, we believe that the admission of the gun at defendant's trial was proper because there was competent evidence to connect the defendant with the weapon.

■■ The defendant finally contends that the trial court improperly considered evidence of prior convictions and that this consideration prejudiced him. It is argued that the court did not properly consider the elements discussed in *People v. Montgomery* (1971), 47 Ill. 2d 510, 262 N.E.2d 605. There, the supreme court stated that, before a judge may allow evidence of prior convictions to reach the jury, he should consider whether the prejudicial effect of such evidence might outweigh the probative value with regard to the defendant's credibility. In addition, the judge should also determine whether the convictions were for crimes which would reflect upon one's credibility, and the age of the conviction. In the present case, the State offered into evidence two previous convictions for specific intent crimes against the defendant. The first was a nine-year-old conviction for attempt rape. The second was for a burglary which occurred seven years before the case at bar. As pointed out in *Montgomery* the most significant feature of the rule requiring exclusion of certain prior convictions is based upon unfair prejudice. When a judge presides over a bench trial, there is a presumption that he will consider only evidence properly before the court. (*People v. Robinson* (1964), 30 Ill. 2d 437, 197 N.E.2d 45.) The presumption that the court cannot be prejudiced by incompetent evidence can only be rebutted by an affirmative showing by the defendant. (*People v. Meier* (1975), 30 Ill. App. 3d 1, 332 N.E.2d 1; *People v. Edwards* (1975), 28 Ill. App. 3d 647, 329 N.E.2d 271.) This showing has not been made in the case at bar.

For the foregoing reasons, the finding of the trial court will be affirmed.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.