THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONNELL SPIVEY, Defendant-Appellant.

First District (4th Division)   No. 77-768

Opinion filed March 30, 1978.

Ralph Ruebner and Patricia Unsinn, both of State Appellate Defender's Office,
of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Joan Cherry,
and Richard Heytow, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Defendant, Donnell Spivey, was found guilty of burglary (Ill. Rev. Stat.
1975, ch. 38, par. 19—1), after a bench trial in the circuit court of Cook
County, and he was sentenced to a term of 2 to 6 years. The sole issue
presented for review is whether the court committed reversible error by
considering hearsay testimony.

We affirm.

On May 13, 1976, at about 2:40 p.m., an Oak Park police officer, Jan
Stachura, received a radio message and proceeded to the area of
Mayfield and Race in Chicago where he observed defendant exiting an
alley carrying a large brown box with a blue handle in his right hand and a

similar smaller box in his left hand. The manufacturer's labels on the boxes identified the contents of the boxes as Tupperware.

The officer asked the defendant where he was going, and defendant stated he had purchased the two boxes from a Turnstyle store as a gift for his mother, and he was going home. The officer asked him what the boxes contained, and defendant stated "Tupperware."

Officer Stachura then took defendant to 470 North Austin where there was a station wagon and a police car. The officer testified he had a conversation with Dorothy Perkins, the owner of a car which had been burglarized, and with Roy Rogers. The following colloquy then took place at trial:

"Q. What, if anything, did you ask Mr. Rogers?

A. I asked Mr. Rogers if he had ever seen the subject in the back seat of my car before.

Q. What did he respond?

MR. RADAKOVICH: Objection.

THE COURT: Wait just a minute. An objection is made.

MR. ORGAN: Did you ask him that?

A. Yes, sir.

Q. What did you ask him after that? What did you ask him after that?

A. I asked him again if he was absolutely positive that this was the subject.

MR. RADAKOVICH: Objection, your Honor, this simply gets around hearsay problems by the officer submitting his own testimony as to what he asked and what he responded to after a certain answer was made.

MR. ORGAN: The officer can certainly testify as to what he said.

MR. RADAKOVICH: Your Honor, they're merely introducing hearsay testimony by the officer's own statement.

THE COURT: The defendant was present, wasn't he? The objection is overruled.

MR. ORGAN: Would you repeat your answer to that question, Officer?

A. I asked him if he was absolutely positive that this was the subject he saw earlier."

Officer Stachura then testified that Dorothy Perkins identified the boxes as those she had left in the rear of her vehicle.

Dorothy Perkins testified she was a Tupperware manager and that Tupperware is sold only through representatives at parties and cannot be purchased in any retail stores, including Turnstyle. She stated that one of the boxes recovered from defendant, a carrying case for Tupperware, is

available only to Tupperware managers or dealers and is not for sale to anyone.

Perkins stated she arrived at Oak Park Hospital at about 2 p.m. to visit a friend and was in the hospital between 30 and 45 minutes. She left the Tupperware boxes inside the car, and upon returning they were gone. She identified the boxes taken from defendant as being hers.

The court denied defendant's motion for a directed finding at the close of the State's case, and the defense rested.

■■ Defendant contends that questioning Officer Stachura as to what he had asked Rogers constituted hearsay of a prejudicial nature, because it was offered to prove that Rogers had previously identified him. The reason given by the court for allowing the method of questioning Rogers was that defendant was present during the conversation; however, the presence of the defendant when an out-of-court statement was made does not constitute an exception to the hearsay rule unless this is alleged to create an admission by silence.[1] (*People v. Carpenter* (1963), 28 Ill. 2d 116, 190 N.E.2d 738.) The court in *Carpenter* noted that defendant's presence or absence at the time the statement was made does not relate to the essential element of hearsay—whether there is an opportunity to cross-examine the party whose assertion is offered to prove the truth of the matter asserted.

■■ Nor can it successfully be argued that this was not hearsay because Officer Stachura only testified as to what he had asked Rogers. In *People v. Warmack* (1976), 44 Ill. App. 3d 243, 358 N.E.2d 76, the court held that permitting the State's witnesses to testify to their portion of a conversation and allowing the responses of the other party to be a subject for the deductive powers of the trier of fact constituted hearsay. Applying the reasoning of *Carpenter* and *Warmack* to the facts before us we must conclude that allowing Officer Stachura to testify to his half of the conversation constituted an erroneous admission of hearsay.

Ordinarily in a bench trial it is presumed that the trial judge considered only competent evidence in reaching his decision. (*People v. Gilbert* (1977), 68 Ill. 2d 252, 369 N.E.2d 849; *People v. Woods* (1976), 41 Ill. App. 3d 29, 353 N.E.2d 304.) Although it has been held that this presumption is

---

[1] "A remarkably persistent bit of courthouse folklore is the practice of objecting to out-of-court statements because not made in the presence of the party against whom offered. ° ° ° The presence or absence of the party against whom an out-of-court statement is offered has significance only in a few particular situations, *e.g.*, when a statement spoken in his presence is relied upon to charge him with notice, or when failure to deny a statement spoken in his presence is the basis for claiming that he acquiesced in or adopted the statement." McCormick, Evidence §246, at 586 (2d ed. 1972).

inapplicable where the trial court admits evidence over objection (*People v. Ford* (1974), 21 Ill. App. 3d 242, 315 N.E.2d 87), in this cause the record would affirmatively support that presumption. In denying defendant's motion for a new trial the trial court stated that there was sufficient evidence to find the defendant guilty without consideration of the controverted testimony. Therefore, without utilizing the presumption we conclude that the record established that the trial court did not rely on inadmissible evidence in its determination. *People v. Lofthouse* (1st Dist. 1978), 58 Ill. App. 3d 754, 374 N.E.2d 921.

Moreover, we agree with the trial court's determination as to the sufficiency of the remaining evidence. It is well settled that evidence of recent, unexplained and exclusive possession of the proceeds of a burglary gives rise to an inference of guilt which is sufficient to sustain a conviction for burglary. *People v. Clifford* (1976), 38 Ill. App. 3d 915, 918, 349 N.E.2d 922; *People v. Brandy* (1974), 22 Ill. App. 3d 687, 689, 318 N.E.2d 70.

In this case defendant was apprehended with two boxes of Tupperware, which Dorothy Perkins identified as belonging to her, within 45 minutes of the time she left them in her car. When asked to explain his possession, defendant stated he bought them at a Turnstyle store. But, the testimony of Dorothy Perkins indicated that Tupperware could not be purchased in retail stores, and the carrying case was available only to Tupperware managers or dealers and was not available for sale to anyone.

■■ We conclude that the court erred by allowing the hearsay testimony, but we find the conviction was sustained on other evidence beyond a reasonable doubt. Accordingly, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.